The defendant-appellant, Daniel L. Hay ("the appellant"), appeals the judgment of conviction and sentence of the Union County Court of Common Pleas, Criminal Division. For the following reasons, we affirm in part and reverse in part the judgment of the trial court.
The pertinent facts and procedural history of the case are as follows. On March 3, 2000, the appellant allegedly physically and sexually abused a two year-old child.[1] According to the record, the appellant and his girlfriend, Sarah Watkins, were house-sitting and babysitting for a friend. Present in the home at the time was Sarah's son, Thomas, and the homeowner's daughter. At approximately 10:30 a.m., Sarah left the home to pick up a few items from the store. Sometime shortly thereafter, the appellant physically and sexually abused Thomas. According to the record, the appellant masturbated the child, performed fellatio on the child, and repeatedly struck the child in the head with his hand. When Sarah returned from the store, she discovered bruising and swelling about her son's face, legs, and pubic region. Thomas was taken to a hospital where he was treated for his injuries.
In March 2000, the appellant was indicted by the Union County Grand Jury on one count of rape, in violation R.C. 2907.02(A)(1)(b), a felony of the first degree, one count of felonious assault, in violation of R.C. 2903.11, a felony of the second degree, one count of kidnapping, in violation of R.C. 2905.01(B)(2), a felony of the first degree, and one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4), a felony of the third degree.
Pursuant to a negotiated plea agreement, the appellant pleaded guilty to one count of felonious assault, one count of kidnapping, and one count of gross sexual imposition. The appellant entered an Alford Plea to the charge of rape. Pursuant to the plea agreement, the State dismissed the "force" specification from the rape charge.
On June 2, 2000, a sexual predator hearing was held. At the conclusion of the hearing, the appellant was adjudicated a sexual predator pursuant to the criteria set forth in R.C. Chapter 2950. A sentencing hearing was held in which the appellant was sentenced to a term of imprisonment of ten years for the charge of rape, seven years for the charge of felonious assault, seven years for the charge of kidnapping, and four years for the charge of gross sexual imposition. The trial court ordered all of the sentences to run consecutively. In total, the appellant was sentenced to a term of imprisonment of twenty-eight years.
The appellant now appeals, asserting four assignments of error for our review.
 Assignment of Error No. I
The defendant-appellant was wrongly convicted of and sentenced to consecutive sentences for allied offenses of similar import in violation of Ohio Revised Code 2941.25.
In his first assignment of error, the appellant maintains that the crimes of rape, gross sexual imposition, felonious assault, and kidnapping are allied offenses of similar import and should have been merged for purposes of sentencing pursuant to R.C. 2941.25. For the following reasons, we do not agree.
R.C. 2941.25 provides, as follows:
 (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
The determination of whether two offenses are of similar import is limited to an objective analysis of the statutory provisions at issue to determine whether the elements of the charged offenses "correspond to such a degree that the commission of one crime will result in the commission of the other." State v. Blankenship (1988), 38 Ohio St.3d 116,117. This statutory analysis is performed in the abstract, focusing solely on the elements of the offenses charged without reference to the facts of the particular case. State v. Rance (1999), 85 Ohio St.3d 632, paragraph one of the syllabus.
Before we address the merits of the appellant's assignment of error, we note that the issue of allied offenses was not raised by defense counsel in the proceedings below. Generally, unless plain error is shown, a party's failure to raise the issue pursuant to R.C. 2941.25 constitutes a waiver of that issue. See State v. Comen (1990), 50 Ohio St.3d 206,211. Plain error consists of an obvious error or defect in the trial proceedings that affects a substantial right. Crim.R. 52(B). Under this standard, reversal is warranted only when the outcome of the proceedings below clearly would have been different absent the error. State v.Lindsey (2000), 87 Ohio St.3d 479, 482, citing State v. Long (1978),53 Ohio St.2d 91. Therefore, we must determine whether the appellant's failure to raise the issue in the proceedings below constitutes plain error.
In the case herein, the appellant pleaded guilty to one count of gross sexual imposition, one count of felonious assault, and one count of kidnapping. The appellant entered an Alford Plea to one count of rape, to which he was ultimately found guilty by the trial court. We must now determine whether these crimes are allied offenses of similar import and should have been merged for purposes of sentencing pursuant to R.C.2941.25.
I. Gross Sexual Imposition Rape
R.C. 2907.05, Ohio's gross sexual imposition statute, is defined, in pertinent part, as follows:
 (A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
* * *
 (4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.
R.C. 2907.02, Ohio's rape statute, is defined, in pertinent part, as follows:
 (A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender * * *, when any of the following applies:
* * *
 (b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.
Gross sexual imposition and rape may, depending on the circumstances, be allied offenses of similar import. For instance, it is well-established that gross sexual imposition is a lesser included offense of rape. Statev. Johnson (1988), 36 Ohio St.3d 224, 226; State v. Jones (1996),114 Ohio App.3d 306, 325. Accordingly, under R.C. 2941.25, a defendant may generally not be convicted of and sentenced for both gross sexual imposition and rape when they arise out of the same conduct. Id.
In the case herein, however, the charge of gross sexual imposition was premised upon separate contact from the conduct which constituted the charge of rape. The charge of gross sexual imposition was premised upon the alleged masturbation of Thomas's penis.[2] This is separate and distinct from the action, specifically the act of fellatio, which constituted the sexual conduct which lead to the appellant's criminal charge for rape.[3] Therefore, the appellant committed two separate offenses and he may be convicted of both. See R.C. 2941.25(B).
 II. Kidnapping Gross Sexual Imposition/Kidnapping Rape
R.C. 2905.01, Ohio's kidnapping statute, is defined, in pertinent part, as follows:
 (A) No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:
* * *
 (4) To engage in sexual activity, as defined in section 2907.01 of the Revised Code, with the victim against the victim's will.
 For purposes of the statute, "sexual activity" is defined by R.C. 2907.01 as "sexual conduct or sexual contact, or both." See R.C. 2907.01.
Initially, we find that the elements of the two offenses of kidnapping and gross sexual imposition, as charged herein, do not correspond to such a degree that the commission of one crime will result in the commission of the other. Pursuant to R.C. 2907.05(A)(4), gross sexual imposition prohibits sexual contact with a child under thirteen years of age as was charged and found here. Therefore, no restraint, deception, force or threats are required for the commission of this offense. The commission of the offense of gross sexual imposition will not automatically result in the commission of the offense of kidnapping because no restraint or removal is involved. Therefore, as charged here, gross sexual imposition and kidnapping are not allied offenses of similar import and R.C. 2941.25
does not apply.
We also find that the elements of the two offenses of rape and kidnapping, as charged herein, do not correspond to such a degree that the commission of one crime will result in the commission of the other. Ohio's rape statute, R.C. 2907.02(A)(1)(b), prohibits sexual conduct with a person under thirteen years of age as was charged and found here. Again, no restraint, deception, force or threats are required for the commission of this offense. As we previously stated with regard to the offense of gross sexual imposition, the commission of the offense of rape will not automatically result in the commission of the offense of kidnapping because no restraint or removal is involved. Therefore, under the circumstances herein, rape and kidnapping are not allied offenses of similar import and R.C. 2941.25 does not apply.
 III. Felonious Assault Kidnapping/Felonious Assault Rape/Felonious Assault Gross Sexual Imposition
Ohio's felonious assault statute, R.C. 2903.11, states in pertinent part that "[n]o person shall knowingly * * * [c]ause serious physical harm to another * * *[.]
First, we find that a comparison of the charges of felonious assault and kidnapping demonstrate that the elements of the two offenses do not correspond to such a degree that the commission of one crime necessarily results in the commission of the other. See, e.g., State v. Blankenship
(1988), 38 Ohio St.3d 116 (holding that "[a] kidnapping may occur without a felonious assault. Likewise, a felonious assault may occur absent the existence of a kidnapping. A person may seriously injure another without restraining the victim of his or her liberty.") Therefore, we find that the two offenses are not allied offenses of similar import. See, also,State v. Dunn (Nov. 20, 1991), Marion County App. No. 9-89-27, unreported (holding that the crime of felonious assault is not an allied offense of similar import of the crime of kidnapping).
Next, with regard to the crimes of felonious assault and rape and felonious assault and gross sexual imposition, we are of the opinion that the crimes are not allied offenses of similar import. First, felonious assault is not a lesser included offense of rape. A rape may occur without a felonious assault. Likewise, a felonious assault may occur absent the existence of a rape. See, e.g., State v. Jones (1992),83 Ohio App.3d 723 (holding that the crimes of rape and felonious assault are not allied offenses of similar import).
Similarly, felonious assault also may occur absent the existence of an act of gross sexual imposition and an act of gross sexual imposition may occur without the existence of a felonious assault. Therefore, the crimes of felonious assault and gross sexual imposition are not allied offenses of similar import.
In conclusion, having focused solely on the elements of the offenses charged, we find that the crimes of rape, gross sexual imposition, felonious assault, and kidnapping, as charged here, are not allied offenses of similar import and the trial court did not err in failing to merge them for purposes of sentencing pursuant to R.C. 2941.25. For all of the foregoing reasons, we find that the appellant's failure to raise the issue of allied offenses of similar import in the proceedings below does not constitute plain error and the issue is foreclosed.
Accordingly, the appellant's first assignment of error is not well-taken and is overruled.
 Assignment of Error No. II
It was a violation of the Double Jeopardy Clause of the US [sic] and State Constitutions to sentence a defendant to consecutive terms for crimes of similar import.
In his second assignment of error, the appellant maintains that the trial court erred in sentencing him to four consecutive sentences. Specifically, the appellant maintains that, by sentencing him to four consecutive sentences, the trial court violated the Double Jeopardy provisions of the Ohio and United States Constitutions by imposing multiple sentences for the same offense. Having previously found, however, that the offenses to which the appellant was convicted are not allied offenses of similar import, we need not address the merits of his claim.
Accordingly, the appellant's second assignment of error is not well-taken and is overruled.
 Assignment of Error No. III
Counsel for defendant provided ineffective assistance of counsel.
In his third assignment of error, the appellant maintains that ineffective assistance of counsel denied him his right to a fair trial. For the following reasons, we do not agree.
Ohio has adopted the standard set forth in Strickland v. Washington
(1984), 466 U.S. 688 [466 U.S. 668], for determining whether a criminal defendant received ineffective assistance of counsel. See State v.Bradley (1989), 42 Ohio St.3d 136, 142. The Strickland Court established that, in order for a defendant to prevail on an allegation of ineffective assistance of counsel, he must show both that counsel's actions "fell below an objective standard of reasonableness" and that the defendant was prejudiced by the attorney's conduct. Strickland,466 U.S. at 688, 693. In Ohio, the standard for determining prejudice in cases alleging ineffective assistance of counsel is whether there is a "reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Bradley,42 Ohio St.3d at 137, paragraph three of the syllabus.
Since a criminal defendant must satisfy both prongs of the Strickland
analysis, an appellate court need not address both prongs in every case, or conduct the analysis in any particular order. Bradley,42 Ohio St.3d at 143. A given criminal defendant might fail either or both prongs of the test. Id. If the attorney's conduct was reasonable, the appellate court need not address the issue of prejudice. Likewise, if there is clearly no prejudice to the defendant, there is no reason for the court to evaluate the attorney's conduct. Id.
In the case herein, the appellant maintains that he was denied effective assistance of counsel on the basis that he pleaded guilty to and entered an Alford Plea to a total of four offenses which, he contends, should have been merged for purposes of sentencing pursuant to R.C. 2941.25. Having previously found, however, that the crimes to which the appellant was convicted are not allied offenses of similar import, we find that the attorney's conduct in this case was not unreasonable. Therefore, the appellant's ineffective assistance claim is without merit.
Accordingly, the appellant's third assignment of error is not well-taken and is overruled.
 Assignment of Error No. IV
The lower court failed to properly consider and apply the Senate Bill Two sentencing guidelines.
In his fourth and final assignment of error, the appellant maintains that the trial court erred during the sentencing phase of his trial. Specifically, the appellant contends that the trial court erred in sentencing him to the maximum term of imprisonment for the offense of rape. The appellant also alleges that the trial court erred in sentencing him to four consecutive sentences. For the following reasons, we agree.
According to R.C. 2953.08(G)(1), this Court has the authority to vacate a sentence and remand it to the trial court for the purpose of resentencing if we clearly and convincingly find that: "(a) the record does not support the sentence; * * * [or] (d) * * * the sentence is otherwise contrary to law." Herein, the appellant argues that the sentences are not supported by the record.
Initially, we note that Senate Bill 2 requires a court that sentences a felony offender to be guided by the overriding purposes of felony sentencing, which are protecting the public from future crime and punishing the offender. R.C. 2929.11(A). Additionally, the court must impose a sentence "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C.2929.11(B).
Under Ohio felony sentencing law, a trial court must make certain findings prior to sentencing a defendant to consecutive sentences. R.C.2929.14(E) states, in pertinent part, as follows:
 (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was * * * under post- release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
This Court has held that when consecutive sentences are imposed under R.C. 2929.14, the trial court must also set forth its reasons for imposing consecutive sentences see R.C. 2929.19(B)(2)(c).
Under Ohio felony sentencing law, a trial court also must make certain findings prior to sentencing a defendant to a maximum sentence. See R.C. 2929.14(C) states, as follows:
 Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
When a maximum sentence is imposed under R.C. 2929.14(C), the trial court also must set forth its reasons for imposing the maximum sentence. R.C.2929.19(B)(2)(d).
This Court has repeatedly held that "it is the trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.12, 2929.14, and 2929.19 which in effect, determine a particular sentence and that a sentence unsupported by these findings is both incomplete and invalid." State v.Bonanno (June 24, 1999), Allen App. No 1-98-59 and 1-98-60, unreported; see, also, State v. Martin (1999), 136 Ohio App.3d 355. A trial court must strictly comply with the relevant sentencing statutes by making such findings on the record at the sentencing hearing and, when required, must set forth its reasons for imposing a particular sentence. Bonanno,supra, at 6.
In the case before us, a thorough review of the record reveals that the trial court failed to make the necessary findings as required under R.C.2929.14(C) on the record at the sentencing hearing to impose the maximum sentence for the crime of rape. Likewise, the trial court failed to make the necessary findings as required under R.C. 2929.14(E) on the record at the sentencing hearing to impose the consecutive sentences. As we previously stated, a trial court must strictly comply with the mandates set forth in the relevant sentencing statutes. As the trial court failed to make the requisite findings on the record at the sentencing hearing, we find, by clear and convincing evidence, that the sentence is contrary to law.
Accordingly, the appellant's fourth and final assignment of error is sustained. Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we remand this case to the trial court for further proceedings consistent with this opinion.
Judgment affirmed in part and reversed in part and cause remanded.
 ___________________ Hadley, P.J.
Shaw and Bryant, JJ., concur.
[1] At the time of the incident, the victim was twenty-three months old.
[2] "Sexual contact" is defined as "any touching of an erogenous zone of another, including * * * the genitals * * *."
[3] "Sexual conduct" includes, but is not limited to the act of fellatio.