THE STATE OF OHIO, APPELLEE, *v.* COMEN, APPELLANT.

[Cite as State *v.* Comen (1990), 50 Ohio St. 3d 206.]

(No. 89-402 — Submitted February 20, 1990 — Decided April 18, 1990.)

*Michael Miller,* prosecuting attorney, and *Bonnie L. Maxton,* for appellee.

*James Kura,* county public defender, and *Barbara J. Slutsky,* for appellant.

DOUGLAS, J. At trial, and before any evidence was presented, appellant was informed by the trial court that the jury would be instructed on three separate occasions: before the opening statements of counsel, after the evidence was presented but before closing arguments, and after closing arguments. At that time, appellant did not object to the court's splitting of instructions.

Following his announced procedure, the trial judge, before counsel's opening statements, instructed the jury on its obligation to follow the law, the significance of objections, the function of the jury as a trier of fact, the role of counsel, the correlation between questions and answers, the meaning of direct and circumstantial evidence, permissible inferences, and the credibility and weighing of evidence.

After the evidence was presented, and before counsel's closing arguments, the court again informed appellant that it would split the jury instructions. At that time, and at the request of both parties, the court agreed to repeat instructions on circumstantial evidence. Also at that time, appellant requested that before the case was submitted to the jury, the court repeat all relevant instructions previously provided in its preliminary instructions. Appellant's request was denied. The trial court, in addressing the jury, stated:

"* * * I am not going to reread for you the other instructions I gave you, for example, on credibility of witnesses and weight to be given to testimony and yours and my separate functions.

"However, when you get back in the jury room and deliberate, if at any point in time you need to have any of those instructions reread to you, the instructions I haven't reread at this point or instructions for that matter that I give right now, if you need those reread, you can ask for those. So as I said, I'm not going to do that.

"Now as I said at the beginning of the trial, I instructed you on what is evidence, direct and circumstantial, you are the sole judges of the facts, credibility of the witnesses and the weight to be given to the testimony."

After informing the jury that all of the previously given instructions would not be repeated, the trial court then instructed the jury on direct and circumstantial evidence, permissible inferences, prior convictions, and on the law as applied to this case. It further instructed the jury not to take into consideration that the defendant did

not testify, and to look at the evidence against defendant Comen separately.[1]

After the closing arguments of counsel, the court again instructed the jury. The court instructed the jury on how to fill out the verdict forms and on the deliberation process.

Following this last instruction, the jury retired to deliberate. During deliberations, the jury asked two questions. The jury asked the court to reread the definitions of aiding and abetting and aggravated burglary. The court complied and reread both definitions. In addition, the jury asked: "In a team effort are all parties guilty of total crime[?]" In declining to answer the second question, the court stated it could only reread portions of the charge.

Based on the foregoing, appellant, in his first proposition of law, cites to Crim. R. 30 and contends that the trial court committed prejudicial error by not giving and/or repeating all relevant jury instructions at the conclusion of counsel's arguments. Appellant specifically contends that the trial court erred by not repeating instructions on credibility and weighing of the evidence.

Crim. R. 30 provides in pertinent part:

"(A) Instructions; error; record. At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. * * * The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, *but the court shall instruct the jury after the arguments are completed*. The court

need not reduce its instructions to writing.

"* * *

"(B) Cautionary instructions. *At the commencement and during the course of the trial, the court may give the jury cautionary and other instructions of law relating to trial procedure, credibility and weight of the evidence, and the duty and function of the jury and may acquaint the jury generally with the nature of the case*." (Emphasis added.)

Crim. R. 30(A) clearly requires that "* * * the court *shall* instruct the jury after the arguments are completed * * *." The language in the rule is mandatory and there is good reason for the mandate. Jurors, being laypersons selected from the citizens of a particular district, are better able to grasp the importance of instructions after they have heard all the evidence.

Likewise, Crim. R. 30(B) plays an important part in the trial process. Preliminary instructions prepare the jury for trial providing orientation so the jury is properly informed as to its duties and responsibilities. Cautionary instructions are often utilized in instructing the jury to consider only certain evidence for a specific purpose, or to inform the jury not to be influenced by extraneous matters.

If the preliminary or cautionary instructions include matters of law vital to the rights of a defendant, the trial court is not excused from including or repeating all such instructions after the arguments are completed. Repeating instructions means fully instructing the jury on the law applicable to the case and not providing them simply with a cursory reminder of what was earlier provided in either the preliminary or cautionary instructions. Regardless of the length of trial, the court cannot assume the jury recalls or remembers the prior instructions.

---

[1] Appellant and his co-defendant Maurice Epperson were tried together.

Accordingly, we hold that before the taking of evidence, a trial court may give preliminary instructions to the jury appropriate for the jury's guidance in hearing the case. A court may also give cautionary instructions throughout the trial. After arguments are completed, a trial court must fully and completely give the jury all instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact finder.

Turning our attention now to the case before us, and being mindful of our previous discussion, we find appellant presents no evidence that he was prejudiced by the trial court's refusal to repeat all instructions. Additionally, appellant presents no evidence that the absence of instructions on credibility and weighing of the evidence at the completion of counsel's arguments was prejudicial.

Accordingly, while we find that the proper procedure is for a trial court to explicitly follow Crim. R. 30 when instructing a jury, we also find appellant's first proposition of law not well-taken.

In his second proposition of law, appellant contends that Officer Young lacked specific and articulable facts which would reasonably lead him to believe that appellant burglarized the Arnebeck home. In essence, appellant argues that Young did not have a reasonable suspicion to justify an investigative stop and, therefore, any evidence obtained pursuant to the illegal stop must be suppressed.

We do not agree. In *State* v. *Bobo* (1988), 37 Ohio St. 3d 177, 524 N.E. 2d 489, paragraph one of the syllabus, we held:

"The propriety of an investigative stop by a police officer must be viewed in light of the totality of the surrounding circumstances. (*State* v. *Freeman* [1980], 64 Ohio St. 2d 291, 18 O.O. 3d 472, 414 N.E. 2d 1044, paragraph one of the syllabus, approved and followed.)"

In *Bobo,* police officers were investigating a high-crime area at 11:20 p.m. when they noticed an individual bending down in a car as if to hide something under the front seat. The officers approached the defendant's vehicle, asked him to step out of the vehicle and noticed a gun under the front seat. As a result, the individual was arrested. Defendant filed a motion to suppress which was denied by the trial court. Subsequently, the defendant was convicted. Upon appeal to this court, we held that under the totality of the circumstances, the officers reasonably stopped defendant for investigative purposes. We concluded that the stop was reasonable because the area in which the appellee's vehicle was parked was an area noted for a number of drug transactions. The stop was made at 11:20 p.m., the lead officer making the stop had numerous years of experience on the force with hundreds of drug arrests and the officers were familiar with the area. Added to these circumstances was the officers' observations of the defendant leaning down in the car, giving the indication to experienced officers that defendant was attempting to conceal a weapon or drugs.

The United States Supreme Court in *Terry* v. *Ohio* (1968), 392 U.S. 1, 21-22, has addressed when an officer's investigatory stop is reasonable:

"* * * And in justifying the particular intrusion the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion. * * * And in making that assessment it is imperative that the facts be judged against an objective standard: *would the facts available to the officer*

at the moment of the seizure or the search 'warrant a man of reasonable caution in the belief' that the action taken was appropriate?" (Emphasis added.)

In applying *Bobo* and *Terry* to the facts of the case at bar, we find that the stop by Officer Young was reasonable. The specific objective and articulable facts that support our conclusion are: (1) the week before the burglary of the Arnebeck home, a similar burglary occurred; (2) the dispatcher radioed that the resident (Sibley Arnebeck) had heard two car doors slam and a car drive away and, thus, the officers had reason to believe a car was used in the burglary; (3) the Arnebeck home was burglarized at approximately 4:00 a.m. and the suspects' vehicle was stopped at about 4:23 a.m.; (4) officers arrived within minutes and began a grid search; (5) Officer Kinney, having twenty years' experience as a police officer, testified that a grid search gave police about a "fifty-fifty" chance of finding the suspects since certain criminals often wait for officers to clear the area before trying to depart the scene; (6) it was a cold October morning and the officers were looking for a car that did not have frost on the windows; (7) Young spotted Epperson's vehicle within a few blocks of the Arnebeck home, the vehicle did not have frost on the windows and it was the only vehicle spotted traveling at that early hour.

Hence, considering all the facts, we conclude that Young was clearly justified in making an investigative stop. Having so concluded, we also conclude the search of the vehicle was proper since the officers were given consent to search the vehicle and the consent was neither coerced nor involuntarily given. A search is valid and does not violate the Fourth Amendment to the United States Constitution when the consent is freely and voluntarily given. *Schneckloth* v. *Bustamonte* (1973), 412 U.S. 218, 219.

Appellant's second proposition of law is not well-taken.

Appellant, in his third proposition of law, contends that pursuant to R.C. 2941.25, aggravated burglary, R.C. 2911.11, and receiving stolen property, R.C. 2913.51, are "allied offenses of similar import" and, therefore, the trial court should not have convicted him on both offenses.

Notwithstanding the fact that appellant raised this issue before the court of appeals, this court need not address this proposition of law as appellant failed to object to the convictions or sentencing at the trial level. Appellant's failure to raise this issue in the trial court constitutes a waiver of the error claimed. See *State* v. *Williams* (1977), 51 Ohio St. 2d 11, 116-117, 5 O.O. 3d 98, 101, 364 N.E. 2d 1364, 1367, vacated in part on other grounds, *Williams* v. *Ohio* (1978), 438 U.S. 911; *State* v. *Broom* (1988), 40 Ohio St. 3d 277, 288-289, 533 N.E. 2d 682, 695-696.

In his fourth and final proposition of law, appellant argues that his guilty verdicts were not supported by sufficient and credible evidence and, thus, his convictions were against the manifest weight of the evidence. After a thorough review of the record before us, we are convinced the state presented evidence indicative of appellant's guilt beyond a reasonable doubt. Therefore, we reject appellant's fourth proposition of law.

For the reasons set forth herein, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.

SWEENEY, J., concurs in judgment only.