DECISION AND JUDGMENT ENTRY
This is an appeal from judgments of the Ottawa County Court of Common Pleas that denied appellant's motion for acquittal or, alternatively, for a new trial, and affirmed the jury's verdict of guilty of one count of burglary and one count of receiving stolen property. For the reasons that follow, this court affirms the judgments of the trial court.
Appellant sets forth the following assignments of error:
 "ASSIGNMENT OF ERROR NO. 1: The trial court committed reversible error by instructing the jury on law prior to closing arguments in violation of Crim.R. 30(A).
 "ASSIGNMENT OF ERROR NO. 2: Defendant's due process right to appellate review is violated by the trial court's failure to preserve for the record written instructions given to the jury in violation of O.R.C. Section 2945.10(G)."
The facts that are relevant to the issues raised on appeal are as follows. On February 10, 1999, after trial to a jury, appellant was found guilty of receiving stolen property, in violation of R.C. 2913.51, and burglary, in violation of R.C.2911.12(A)(3). On February 24, 1999, appellant filed a motion for acquittal or, in the alternative, for a new trial. On April 29, 1999, the trial court denied appellant's motion. On July 7, 1999, the trial court imposed sentence.
In his first assignment of error, appellant asserts that the trial court erred by instructing the jury prior to closing arguments in violation of Crim.R. 30(A). The Supreme Court of Ohio has held that "[a]fter arguments are completed, a trial court must fully and completely give the jury all instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact finder." _State v. Comen (1990),50 Ohio St.3d 206, paragraph two of the syllabus. (Crim.R. 30[A] construed.) This court notes, however, that defense counsel did not object when the trial court instructed the jury prior to closing arguments. We further note that appellant has presented no evidence as to how he was prejudiced by the trial court's failure to instruct the jury after arguments were completed. Accordingly, while we find that the proper procedure is for the trial court to instruct the jury after arguments are completed as the court stated in Comen, we also find for the reasons stated above that the court's actions did not amount to plain error and appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant asserts that his right to appellate review was violated by the trial court's failure to include the written jury instructions in the record. Appellant claims that a danger exits because, without a copy of the written instructions in the record, there is no way to assure that the verbal instructions given by the court mirror the written instructions.
We note first that Crim.R. 30(A) clearly states that the trial court "need not reduce its instructions to writing." While it is undisputed that there is no copy of the written instructions in the record of proceedings in the trial court, the court's oral instructions are in fact in the record as part of the trial transcript.[1] Whatever error the trial court arguably may have committed by failing to preserve the written instructions in the case file is harmless due to the availability, through the transcript, of the trial court's oral instructions. Further, appellant has not set forth any argument as to how he was prejudiced by the lack of written instructions in the record, and merely states that such an omission could be a problem if there were a need to compare the oral instructions with the written version which the jury had before it while it deliberated. Appellant also does not claim that any element of the jury instructions was improper. Based on the foregoing, we find that the trial court's failure to include a copy of the written instructions in the record clearly is not grounds for reversal of appellant's conviction and, accordingly, appellant's second assignment of error is not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Ottawa County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
Peter M. Handwork, J., James R. Sherck, J., Judges concur.
 ____________________________ Richard W. Knepper, P.J.
[1] We note that on December 22, 1999, after appellant referred to the omission in his appellate brief, the trial court placed a copy of the instructions given to the jury into the case file along with an "AFFIDAVIT OF ACCURACY."