OPINION
Defendant-appellant, Paul D. Johnson, appeals his conviction in the Columbiana County Court of Common Pleas for one count of aggravated robbery and three counts of abduction.
On January 8, 1998, appellant, along with an accomplice, arrived at a BP service station in Kensington, Ohio. Both were armed with handguns. As they approached the store, a customer was exiting after purchasing a cup of coffee. Appellant's accomplice pointed his gun at the customer's head. Appellant fired a shot near the customer and forced him back into the store. Once inside, appellant ordered the store clerk to give him the money. The store clerk's husband was working in the garage area of the service station. Appellant fired a shot in his direction and directed him to enter the store area. The clerk gave appellant the money and he fired another shot in her direction. Appellant then fired numerous additional rounds at the area of the cash register and fled the scene.
Initially charged in juvenile court, appellant was subsequently bound over to common pleas court where he was indicted for one count of aggravated robbery and three counts of abduction. On September 16, 1998, and pursuant to a felony plea agreement, appellant pled guilty to each of the counts in the indictment.
On September 30, 1998, the trial court sentenced appellant to 7 years imprisonment for the aggravated robbery count and 3 years imprisonment for the 3 counts of abduction with each sentence to run concurrently. Appellant was also sentenced to an additional 3 years imprisonment for the firearm specifications, with that sentence to run consecutively to the sentences for the principal offenses. Added together, appellant was effectively sentenced to a term of imprisonment of 10 years. This appeal followed.
Appellant raises three assignments of error, each of which are premised upon his basic assertion that aggravated robbery and abduction are allied offenses of similar import. Therefore, one discussion will collectively resolve each of appellant's three assignments of error. Appellant's three assignments of error state respectively:
 "The Trial Court committed prejudicial error, specifically, not fully informing Defendant-Appellant at the time of his guilty plea of the implications of Ohio R. Crim P. 11 and Ohio Rev. Code § 2941.25 in regard to the application of the Allied Offense
doctrine to the circumstances of Defendant-Appellant's case and, therefore, Defendant-Appellant entered a guilty plea under a misapprehension of facts (Allied Offenses) which prevented a knowing, intelligent, and voluntary waiver of his Constitutional rights in violation of the Fifth, Sixth and Ninth Amendments of the United States Constitution and Sections One, Ten, and Twenty of the Ohio Constitution, Article 1, Bill of Rights, and the Due Process and Equal Protection
provisions of the United States and the Ohio Constitutions." (Italics sic.)
 "Defendant-Appellant's counsel's failure to raise the issue of allied offenses at the time of Defendant-Appellant's guilty plea constitutes ineffective assistance of counsel, specifically, Defendant-Appellant entered a guilty plea under a misapprehension of facts (Allied Offenses) which prevented a knowing, intelligent, and voluntary waiver of his Constitutional rights in violation of the Fifth, Sixth and Ninth Amendments of the United States Constitution and Sections One, Ten and Twenty of the Ohio Constitution, Article I, Bill of Rights, and the Due Process and Equal Protection provisions of the United States and the Ohio Constitutions." (Italics sic.)
 "The Trial Court committed prejudicial error, specifically, entering a conviction and judgment for both aggravated robbery and abduction without conducting a hearing to ascertain whether they were allied offenses of similar import with a single animus which would require a judgment of conviction for one offense, in violation of the Fifth, Sixth and Ninth Amendments of the United States Constitution and Sections One, Ten and Twenty of the Ohio Constitution, Article I, Bill of Rights, and the Due Process and Equal Protection provisions of the United States and the Ohio Constitutions." (Italics sic.)
Initially, it must be noted that appellant failed to raise the issue of allied offenses of similar import in the trial court below. It is a well recognized principle of law that an appellant's failure to raise an error in the trial court constitutes a waiver of that issue on appeal unless it rises to the level of plain error. State v. Underwood (1983),3 Ohio St.3d 12, 13. In State v. Comen (1990), 50 Ohio St.3d 206, 211, the Ohio Supreme Court noted specifically that failure to raise the issue of allied offenses of similar import at the trial court constitutes a waiver of that issue on appeal. In that case, the court treated appellant's failure to raise that issue as a waiver of that issue and did not examine the alleged error for plain error.
Nevertheless, Crim.R. 52(B) instructs that we may take notice of plain errors or defects affecting the substantial rights of the accused. "Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise." State v.Wickline (1990), 50 Ohio St.3d 114, 120. Furthermore, "[n]otice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
However, this case presents a situation where whether there was error or not, any alleged error was harmless. Crim.R. 52(A) provides that "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." The sentence appellant was given for the abductions (3 years) is to run concurrent to the greater sentences given for the aggravated robbery (7 years). Therefore, appellant's conviction for the abductions and the aggravated robbery were constructively merged.
Accordingly, each of appellant's three assignments of error are without merit.
The judgment of the trial court is hereby affirmed.
Cox, J., concurs, Vukovich, J., concurs.