[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Nichalous Murray, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of possessing a weapon while under a legal disability. For the following reasons, we reverse the judgment of the trial court and remand the cause for a new trial.
At trial, the arresting officers testified that, on July 9, 1999, they had stopped an automobile for having expired license plates. As the officers approached the vehicle, Murray and the other three occupants of the car made furtive movements. A subsequent search of the car revealed a .38-caliber handgun under the driver's seat, within reach of Murray, who had been seated in the front passenger seat. A thumbprint matching that of Murray was found on the firearm.
Murray accounted for the thumbprint by testifying that he had handled the gun approximately two months prior to the night of the arrest, but not on July 9, 1999. At the close of all the evidence, Murray requested that the jury be instructed as to the specific date of the offense. The trial court refused to give the requested instruction, and the jury found Murray guilty.
In his first assignment of error, Murray argues that the trial court erred in refusing to instruct the jury as to the date of the offense. We agree. A trial court must give all instructions that are relevant and necessary for the jury to weigh the evidence and discharge its duty as the finder of fact.[1]
In the case at bar, the date of the offense was necessary for the jury to discharge its duty, because the crux of the defense was that Murray had handled the firearm in the past, but not on the date of the alleged offense. Although we are mindful that the date of the offense is not an element of the offense and is not crucial to a determination of guilt in all cases, we hold that the omission of the date in the instant case was prejudicial. The fingerprint evidence was a crucial part of the state's case,[2] but Murray asserted that the print was made on a prior occasion. Absent an indication in the record that the jury found Murray to have possessed the weapon on the date alleged in the indictment, we cannot say that Murray was properly convicted. We therefore find no merit in the state's contention that the date of Murray's conduct was not in dispute. Given the conflicting testimony concerning the date on which Murray handled the firearm, the jury certainly could have improperly found him guilty based upon the prior conduct that was not the subject of the indictment.[3] The first assignment of error is accordingly sustained.
In his second and third assignments of error, Murray argues, respectively, that his conviction was based upon insufficient evidence and was contrary to the manifest weight of the evidence. We address these assignments together.
In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[4] To reverse a conviction on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[5]
R.C. 2923.12(A)(2) provides that "no person shall knowingly acquire, have, carry, or use any firearm * * * if * * * [t]he person is under indictment for or has been convicted of any felony offense of violence * * *. In the case at bar, we cannot say that the conviction was based upon insufficient evidence or was contrary to the manifest weight of the evidence. The state presented evidence that Murray had made furtive movements in the automobile where the .38-caliber revolver was found, and that the weapon was recovered from an area that was within Murray's immediate reach. Moreover, fingerprint evidence indicated that Murray had been in possession of the gun.[6] Although Murray testified that he had possessed the weapon on a prior occasion and not on the night of the alleged offense, it was within the jury's province to reject that testimony and to believe that Murray had possessed the weapon as alleged in the indictment. The second and third assignments of error are accordingly overruled.
In the fourth assignment of error, Murray argues that the trial court erred in imposing the maximum term of incarceration for the offense. Our disposition of the first assignment of error renders the fourth assignment moot, and we need not address it on its merits.
Having sustained the first assignment of error, we reverse the judgment of the trial court and remand the cause for a new trial in accordance with the foregoing. Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Hildebrandt and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] State v. Comen (1990), 50 Ohio St.3d 206, 553 N.E.2d 640, paragraph two of the syllabus.
[2] One of the arresting officers testified that the police did not charge Murray with possession of the gun until the matching prints were discovered.
[3] Although the jury's verdict form states that the jury found Murray guilty of the conduct "as charged in the Indictment," the indictment was not presented to the jury in verbal or written form. Thus, we cannot say that the finding expressed in the verdict form erased the temporal ambiguity.
[4] State v. Waddy (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819,825.
[5] State v. Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541,546.
[6] It was stipulated that Murray had a prior conviction for aggravated assault and that he had not been relieved of the disability arising from that conviction.