This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Eddie L. Smith, appeals his conviction in the Summit County Court of Common Pleas. We affirm.
 I.
In the early morning hours of May 9, 2000, Mr. Mohammad I. Al Feheili was helping his friend, Salameh Alrawajfeh, owner of Perkins Beverage, by waiting on customers while Mr. Alrawajfeh worked on the walk-in cooler. Mr. Alrawajfeh needed help that morning because his regular employee had not come in to work. At a little after 1:00 a.m., Mr. Al Feheili was summoned by a customer in a blue car who pulled up to the drive- through window. He had sold that customer beer on a previous occasion, and hence, recognized him. On this occasion, the customer was driving the blue car and was accompanied by two other persons. The customer requested a Black and Mild cigar, which Mr. Al Feheili sold to him. The customer and his companions drove away.
Mr. Al Feheili began arranging cigarettes behind the counter. Two people entered the store; one had a gun and demanded that Mr. Al Feheili open the cash register. Mr. Al Feheili complied. The robbers then removed its contents. The robbers also demanded and received a box of Black and Mild cigars and some cigarettes. The robbers then exited the store. Mr. Al Feheili, being concerned about Mr. Alrawajfeh's safety, attempted to locate him first in the back of the store and then outside the store. Mr. Al Feheili was unsuccessful in his attempt to find Mr. Alrawajfeh. Mr. Al Feheili recognized the robbers as the two passengers in the vehicle which he had just attended to at the shop drive-through window.
Meanwhile, Mr. Alrawajfeh had been in the restroom adjacent to his office at the rear of the shop. His office contained the video monitor for the store's security camera. As he exited the restroom, he noticed the robbery in progress on the monitor of the surveillance camera. He then exited the store and went to a nearby public telephone to summon the police. After reporting the robbery in progress at his shop, he noticed a blue car stopped in the vicinity of the telephone. As Mr. Alrawajfeh left the telephone, he saw two persons leave his shop and speak to the driver of the blue car. The two persons entered the blue car and drove away. The police arrived soon thereafter, pursuant to Mr. Alrawajfeh's telephone call.
Officers of the City of Akron Police Department conducted an investigation. At one point, they showed a photo array to Mr. Al Feheili. He identified Mr. Smith as the customer in the blue car that he had waited on that night. On July 3, 2000, the Summit County Grand Jury indicted Mr. Smith on one count of complicity to commit aggravated robbery, in violation of R.C. 2911.01(A)(1) and 2923.03. Officer Sean Matheny, polygraph operator of the City of Akron Police Department, upon agreed stipulation by Mr. Smith, his counsel, and the prosecutor, conducted a polygraph examination of Mr. Smith on or about July 18, 2000. He found Mr. Smith's answers to several questions concerning the robbery to indicate deception. Mr. Smith pleaded not guilty and a jury trial was held on August 28 and 29, 2000. Pursuant to the stipulated agreement concerning the results of the polygraph examination, the results of the polygraph examination were admitted into evidence at trial upon the testimony of Officer Matheny. The jury returned a verdict of guilty on August 29, 2000, which was duly journalized on September 1, 2000. The trial court entered judgment on September 1, 2000, finding Mr. Smith guilty and sentencing him accordingly.
 II.
Mr. Smith asserts two assignments of error. We will address each in turn.
 A. First Assignment of Error Appellant was denied his right to a fair and impartial trial, to be protected from cruel and unusual punishment and due process of law as guaranteed by the fifth, sixth, eighth and fourteenth amendments to the United States Constitution and the Ohio Constitution when the trial court instructed the jury that the appellant had lied during the course of a stipulated polygraph.
 Mr. Smith avers that the trial court's instruction "required the jury to find that the appellant lied during the polygraph, instead of giving the jury the option of determining on its own whether or not the defendant was telling the truth." (Emphasis original.) He asserts that the trial court's jury instruction, therefore, constitutes reversible error. We disagree.
Crim.R. 30 controls the trial court's charge to the jury. State v.Lessin (1993), 67 Ohio St.3d 487, 493. "Construing Crim.R. 30(A), [the Ohio Supreme Court has] stated that `[a]fter arguments are completed, a trial court must fully and completely give the jury all instructions which are relevant and necessary for the jury to weigh the evidence anddischarge its duty as the fact finder.'" (Emphasis original.) Id., quoting State v. Comen (1990), 50 Ohio St.3d 206, paragraph two of the syllabus. Whether a jury instruction is necessary or correct is a question of law if the trial court's decision is not based upon its sound discretion to determine whether the evidence presented at trial is sufficient to require that the instruction be given. Lessin,67 Ohio St.3d at 494. Moreover, "[w]hether the jury instructions correctly stated the law is a question of law which we review de novo." Hiener v.Kelley (July 23, 1999), Washington App. No. 98CA7, unreported, 1999 Ohio App. LEXIS 3570, at *20. However, "[a] party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection." Crim.R. 30(A). Moreover, if one has not objected to the jury instruction in question, one's objection is waived absent plain error; namely `"unless, but for the error, the outcome of the trial clearly would have been otherwise."' (Citation omitted.) State v. Jackson (1991), 57 Ohio St.3d 29, 41; see, also, State v. Lane (1995), 108 Ohio App.3d 477, 482.
Mr. Smith does not challenge the admission of the polygraph examination, nor its evidentiary predicate. Rather, he challenges the trial court's jury instruction, averring that it misstates the law and requires the jury to find him to have lied. Moreover, it is undisputed that the evidence adduced at trial necessitated a jury instruction on the polygraph examination. Further, as no objection was made to the trial court's instruction at trial, the error complained of is reviewed under the plain error standard. State v. Getsy (1998), 84 Ohio St.3d 180, 196. Mr. Smith asserts that the trial court erred in the wording of the instruction. The issue before us is, therefore, whether the jury instruction as given by the trial court correctly stated the law and if it did not, whether such a misstatement represented plain error.
The trial court orally instructed the jury in the following manner concerning the polygraph examination, stating:
 Polygraph examination. Results of a polygraph examination have been admitted into evidence. The results obtained from the polygraph examination are not admitted to prove or disprove any element of the crime for which the defendant is charged. Rather, the testimony is admitted to indicate at the time of the examination that the defendant was not telling the truth. You may consider the testimony for the purpose or purposes of testing the credibility of the defendant.[1]
 The trial court further instructed "[y]ou are not required to believe the testimony of any witness simply because he or she was under oath. You may believe or disbelieve all or any part of the testimony of any witness." Moreover, the trial court instructed the jury that "[y]ou are the sole judges of the facts, the credibility of the witnesses, and the weight of the evidence."
The trial court's instruction to the jury upon the admission of polygraph examination evidence is controlled by the Ohio Supreme Court's holding in State v. Souel (1978), 53 Ohio St.2d 123, paragraph four of the syllabus:
 If such evidence is admitted the trial judge should instruct the jury to the effect that the examiner's testimony does not tend to prove or disprove any element of the crime with which a defendant is charged, and that it is for the jurors to determine what weight and effect such testimony should be given.
 Upon comparison of the standard enunciated by the Ohio Supreme Court and the instruction given by the trial court, we conclude that the trial court correctly stated the law. Further, the trial court's instruction did not mandate that the jury find the defendant was not truthful; it merely limited the application and use of the polygraph examination results by the jury to the defendant's credibility. In fact, virtually identical language[2] regarding the admission of polygraph evidence was adopted by the Ohio Supreme Court in Souel, 53 Ohio St.2d at 132, quoting State v. Valdez (1962), 91 Ariz. 274, 283-84:
 "the trial judge should instruct the jury that the examiner's testimony does not tend to prove or disprove any element of the crime with which a defendant is charged but at most tends only to indicate that at the time of the examination defendant was not telling the truth."
 The trial court repeatedly instructed the jury that determinations of credibility and veracity were solely their province. "A `jury instruction "* * * must be viewed in the context of the overall charge, * * *" rather than in isolation.'" Getsy, 84 Ohio St.3d at 196, quoting State v. Thompson (1987), 33 Ohio St.3d 1, 12-13. Hence, we cannot conclude that the trial court's jury instruction was erroneous. Accordingly, we find that the trial court's jury instruction does not represent plain error. Mr. Smith's first assignment of error is overruled.
 Second Assignment of Error Defendant-appellant Eddie Smith was denied effective assistance of counsel when trial counsel failed to object to a jury charge which required the jury to find that he lied during the course of his polygraph examination, denying him his constitutional rights pursuant to the fifth, sixth, eighth and fourteenth amendments to the United States Constitution and the Ohio Constitution.
 Mr. Smith argues that his trial counsel was ineffective in failing to object to the jury instruction given by the trial court. He further asserts that such deficiency was so serious as to deprive him of the counsel envisaged by the Sixth Amendment to the United States Constitution. We disagree.
A two-step process is employed in determining whether the right to effective counsel has been violated.
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
 Strickland v. Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674, 693. In demonstrating prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. In addition, the court must evaluate "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 690, 80 L.Ed.2d at 695. The defendant has the burden of proof, and must overcome the strong presumption that counsel's performance was adequate and that counsel's action might be sound trial strategy. State v. Smith (1985), 17 Ohio St.3d 98, 100. Furthermore, an attorney properly licensed in Ohio is presumed competent. State v. Lott (1990), 51 Ohio St.3d 160, 174.
In resolving Mr. Smith's first assignment of error, we found the trial court's jury instruction to be a correct statement of the law. "The [appellate] court need not address the performance component if the issue is resolved by addressing the prejudice requirement." Getsy,84 Ohio St.3d at 188. As the trial court's jury instruction was correct, we can find no prejudice to the defendant in its having been given to the jury. Accordingly, Mr. Smith's second assignment of error is overruled.
 III.
Mr. Smith's assignments of error are overruled. The verdict of the Summit County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
______________________________________ WILLIAM G. BATCHELDER
BAIRD, J., WHITMORE, J. CONCUR.
[1] The trial court's written jury instructions state, in regard to the polygraph examination:
 The results of a polygraph examination have been admitted into evidence. The results obtained from the polygraph examination are not admitted to prove or disprove any element of the crime with which the Defendant is charged. Rather, the testimony is admitted to indicate at the time of the examination the Defendant was not telling the truth. You may consider the testimony for the purposes of testing the credibility of the Defendant.
[2] The language used by the trial court is also virtually identical to that set forth in 4 Ohio Jury Instructions (2000) 46-47, Section 405.52.