OPINION
Defendant-appellant, Leigha Young ("Young"), appeals the decision of the Mason Municipal Court denying a motion to suppress evidence made after she was charged with driving under the influence of alcohol.
Shortly after one o'clock a.m. on March 3, 2000, Young was driving her car along U.S. 22 in Warren County, following closely behind a pickup truck driven by her boyfriend, Jason Brock. Ohio State Highway Patrol Trooper Patrick Hathaway and Ohio State Highway Patrol Sergeant James Adams were patrolling the area and began following the two vehicles in their patrol car. Trooper Hathaway noticed that the two vehicles went left of center several times, and that Young's vehicle was following Brock's vehicle too closely. Sergeant Adams also noticed that both vehicles were weaving and that Young was following too closely.
Trooper Hathaway turned on the overhead lights and attempted to stop both vehicles. Young soon pulled over and stopped in a residential subdivision. Sergeant Adams exited the patrol car and approached Young's vehicle, while Trooper Hathaway drove further into the subdivision to pull over Brock.
When Sergeant Adams approached Young's car, he detected an odor of alcohol. He noticed that Young's eyes were glassy and bloodshot, and that her speech was slurred. At that point, Sergeant Adams decided to conduct field sobriety tests. When Young exited her vehicle, Sergeant Adams could smell alcohol on her breath. She was unsteady on her feet, and leaned against her car for support. Sergeant Adams conducted three sobriety tests: (1) the "horizontal gaze nystagmus test," (2) the "one-leg-stand test," and (3) the "walk-and-turn test." According to Sergeant Adams, Young failed all three tests. Sergeant Adams subsequently placed Young under arrest for driving under the influence of alcohol. The record also shows that Young was given a breath test. The results of the test revealed that she had a breath alcohol concentration of .136 grams per two hundred ten liters of breath.
Young was charged with driving under the influence of alcohol in violation of R.C. 4511.19(A)(1) and (3), and following too closely in violation of R.C. 4511.34. She entered a plea of not guilty to all the charges and filed a motion to suppress evidence.
The trial court held a hearing on Young's motion and heard testimony from Trooper Hathaway and Sergeant Adams. The trial court also viewed a videotape depicting a portion of the time the troopers followed Young and Brock. After considering the evidence, the trial court denied Young's motion to suppress. Young filed a motion to reconsider, which the trial court also denied. As to the driving under the influence charge in violation of R.C. 4511.19(A)3), Young changed her plea from not guilty to no contest, and was found guilty. The charges of following too closely and driving under the influence in violation of R.C. 4511.19(A)(1) were dismissed.
Young now appeals the trial court's decision denying her motion to suppress. In her sole assignment of error, she contends that the trial court erred by denying her motion for two reasons: First, she argues that the patrol officers lacked the requisite reasonable suspicion to stop her car; second, she argues that Sergeant Adams did not have probable cause to place her under arrest.
An appellate court may not disturb a trial court's decision on a motion to suppress where it is supported by competent, credible evidence. Statev. Retherford (1994), 93 Ohio App.3d 586, 592. When considering a motion to suppress, the trial court serves as the trier of fact and is the primary judge of the credibility of witnesses and the weight of the evidence. State v. Mills (1992), 62 Ohio St.3d 357, 366, citing Statev. Fanning (1982), 1 Ohio St.3d 19, 20. Relying on the trial court's findings, the appellate court determines, "without deference to the trial court, whether the court has applied the appropriate legal standard."State v. Anderson (1995), 100 Ohio App.3d 688, 691.
Young first argues that the troopers lacked the reasonable suspicion required by the Fourth Amendment to stop her car. However, so long as a trooper has probable cause to believe that a traffic violation has occurred or was occurring, the resulting stop is not unlawful and does not violate the Fourth Amendment. Dayton v. Erickson (1996),76 Ohio St.3d 3, 11-12; Whren v. United States (1996), 517 U.S. 806,810, 116 S.Ct. 1769, 1772. Such a traffic stop is valid regardless of the officer's underlying subjective intent or motivation for stopping the vehicle. Erickson at 11-12.
In this case, Young was stopped by troopers after they observed her committing multiple traffic violations. Trooper Hathaway testified at the suppression hearing that he witnessed both Brock's vehicle and Young's vehicle go left of center several times. Trooper Hathaway also testified that Young was traveling about twenty feet behind Brock at forty-five m.p.h. Sergeant Adams similarly testified that Young was traveling about fifteen to twenty feet behind Brock at forty-five m.p.h. Both Trooper Hathaway and Sergeant Adams testified that, given the speed at which she was traveling, Young was following Brock too closely. Based on this testimony at the suppression hearing, the troopers had probable cause to believe that Young had committed multiple traffic violations. Thus, the troopers did not violate Young's Fourth Amendment rights by stopping her car.
Young argues that de minimus traffic violations cannot support an investigatory stop. In support of her argument, she cites two cases from other appellate districts: State v. Lloyd (1998), 126 Ohio App.3d 95, and State v. Brite (1997), 120 Ohio App.3d 517. Even assuming that Young's traffic violations were de minimus traffic violations, her argument fails. This court has held that even a de minimus traffic violation provides probable cause for a traffic stop, and that any cases to the contrary were effectively overruled by the Ohio Supreme Court inState v. Wilhelm (1998), 81 Ohio St.3d 444, and Erickson, 76 Ohio St.3d 3.State v. Mehta (Sept. 4, 2001), Butler App. No. CA2000-11-232, unreported, at 5; State v. Williams (June 19, 2001), Clinton App. No. 2000-11-029, unreported, at 4; State v. Sandlin (Oct. 23, 2000), Warren App. No. CA2000-01-010, unreported, at 5.
Young also argues that the videotape admitted into evidence refutes the troopers' testimony regarding Young's traffic violations. She contends that the videotape proves that the troopers lacked sufficient justification to stop her vehicle. However, Trooper Hathaway testified that the video camera does not begin recording until his overhead lights are activated. Thus, according to Trooper Hathaway, the videotape does not contain a majority of Brock and Young's driving observed that night.
After viewing the videotape, it appears to show Young's car drift to the edge line, and then drift back in the opposite direction to the centerline. Although it is not extremely clear, the tires of Young's vehicle appear to touch, but not cross, both the edge line and the centerline.
Nevertheless, despite what the videotape may or may not show, the testimony of Trooper Hathaway and Sergeant Adams is sufficient to show probable cause of a traffic violation, thus justifying the stop. Therefore, Trooper Hathaway and Sergeant Adams did not violate Young's Fourth Amendment rights by stopping her car. See Erickson,76 Ohio St.3d at 11-12.
Young next argues that the trial court should have granted her motion to suppress because Sergeant Adams did not have probable cause to arrest her. She relies on State v. Homan (2000), 89 Ohio St.3d 421, and asserts that the state failed to show that Sergeant Adams administered the sobriety tests "in strict compliance with standardized procedures." Thus, she contends, the results of the sobriety tests were not valid and could not constitute the probable cause necessary to justify her arrest.
When determining if probable cause exists to justify a DUI arrest, a court should consider "whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, * * * to cause a prudent person to believe that the suspect was driving under the influence." Homan at 427, citing Beckv. Ohio (1963), 379 U.S. 89, 91, 85 S.Ct. 223, 225. In making this determination, courts should examine the totality of facts and circumstances surrounding the arrest. Homan at 427, citing State v.Miller (1997), 117 Ohio App.3d 750, 761.
The Ohio Supreme Court has determined that strict compliance with standardized testing procedures is necessary before field sobriety tests are admissible as evidence of probable cause to arrest. Homan at paragraph one of the syllabus. However, Young failed to raise this issue of "strict compliance" with the trial court in her motion to suppress, at the suppression hearing itself, or in a motion for reconsideration filed with the trial court. Therefore, she has waived this issue for review on appeal. See State v. Comen (1990), 50 Ohio St.3d 206, 211; State v. Broom
(1988), 40 Ohio St.3d 277, 288-89.
Assuming, arguendo, that the tests were not administered in strict compliance with standardized procedures and that the results were excluded, we would still find sufficient evidence of probable cause. InHoman, although the court excluded the sobriety tests for lack of strict compliance with standardized procedures, the court still found probable cause based on the totality of the facts and circumstances. Homan,89 Ohio St.3d at 427. In that case, the officer had observed erratic driving, noticed the defendant's "red and glassy eyes," and detected the smell of alcohol on the defendant's breath. Id. The defendant had also admitted consuming alcohol. Id.
In this case, there exists at least as much evidence of probable cause to arrest as was found to be sufficient in Homan. When Sergeant Adams conversed with Young while she was still in her car, he testified that her eyes were glassy and bloodshot. He also stated that her speech was slurred, and that he detected an odor of alcohol. When Young stepped out of the car to perform the sobriety tests, she was unsteady on her feet and needed to lean against her car for support. Sergeant Adams then could smell alcohol on her breath. Thus, even if the results of the sobriety tests were excluded, the totality of the facts and circumstances of this case amply support Sergeant Adams' decision to place Young under arrest.
We find competent, credible evidence in the record to support the trial court's findings that the officers did not violate Young's Fourth Amendment rights by stopping her car or arresting her. Thus, the trial court did not err in denying Young's motion to suppress. Young's assignment of error is overruled.
Judgement affirmed.
YOUNG, P.J., and POWELL, J., concur.