I would concur with the majority in the analysis and disposition of the second assignment of error.
 {¶ 22} I also agree with Judge Shaw that there was more than sufficient evidence to warrant an instruction on complicity. However, I believe it is inherently unfair to advise the defense that an instruction on complicity would not be given, and then allow the prosecution to argue complicity in rebuttal, effectively denying the defense the opportunity to argue against that charge.
 {¶ 23} The trial court is required to rule on requests for instructions prior to closing arguments, presumably to allow counsel to tailor their closing arguments to the specific instructions that will be given to the jury.
 {¶ 24} Crim. R. 30[A] provides:
At the close of the evidence or at such earlier time during the trialas the court reasonably directs, any party may file written requests thatthe court instruct the jury on the law as set forth in the requests.Copies shall be furnished to all other parties at the time of making therequests. The court shall inform counsel of its proposed action on therequests prior to counsel's arguments to the jury and shall give the jurycomplete instructions after the arguments are completed.
 {¶ 25} I would, therefore, find error in the manner in which the instruction was given to the jury.
 {¶ 26} However, I would find that error to be harmless under the circumstances of this case, since the error is procedural, not substantive. In order to prevail, I believe that Appellant is required to demonstrate actual prejudice before this Court may reverse the convictions in this case, which he has not done. See State v. Moss, 8th Dist. No. 81582, 2003-Ohio-3327, at ¶¶ 44-45, citing State v. Comen
(1990), 50 Ohio St.3d 206. Because I would find that the prosecution presented substantial credible evidence that Appellant was the principal offender, I would find the procedural error to be harmless and overrule the first assignment of error.
Bryant, J., dissents.