[Cite as *State v. Sexton*, 2020-Ohio-153.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-08-100 |
| | : | O P I N I O N |
| - vs - | | 1/21/2020 |
| | : | |
| STEVEN SEXTON, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 17CR33604

David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for appellee

Craig A. Newburger, 477 Forest Drive, South Lebanon, Ohio 45065, for appellant


**S. POWELL, J.**

{¶ 1}  Appellant, Steven Sexton, appeals his conviction in the Warren County Court of Common Pleas for one count of aggravated possession of drugs.  For the reasons outlined below, we affirm.

{¶ 2}  Sexton was sentenced to 12 months in prison after a jury found him guilty of one count of fifth-degree felony aggravated possession of drugs.  The jury returned its guilty

verdict based upon testimony that the police found Sexton in close proximity to a crumpled up coffee filter that contained newly manufactured methamphetamine. This discovery occurred after the police were dispatched to investigate a 9-1-1 call that reported Sexton had been involved in an assault. The jury heard testimony that this assault occurred at a house where Sexton had earlier in the day been making methamphetamine. The jury also heard testimony that Sexton had fled from that house after learning that a 9-1-1 call had been made.

{¶ 3} Sexton now appeals his conviction, raising three assignments of error for review.

{¶ 4} Assignment of Error No. 1:

{¶ 5} APPELLANT'S RIGHT TO A FAIR TRIAL AND DUE PROCESS OF LAW WAS DENIED BECAUSE THE TRIAL COURT IMPROPERLY INSTRUCTED THE JURY AS TO CONSTRUCTIVE POSSESSION.

{¶ 6} In his first assignment of error, Sexton argues the trial court erred by providing the jury with an incomplete and improper jury instruction for constructive possession. We disagree.

{¶ 7} Jury instructions are matters that are left to the sound discretion of the trial court. *State v. Brannon*, 12th Dist. Clinton No. CA2014-09-012, 2015-Ohio-1488, ¶ 20. However, although left to the trial court's sound discretion, the trial court must nevertheless "fully and completely give jury instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact-finder." *State v. Davis*, 12th Dist. Madison No. CA2015-05-015, 2016-Ohio-1166, ¶ 27, citing *State v. Comen*, 50 Ohio St.3d 206 (1990), paragraph two of the syllabus. "[T]his court may not reverse a conviction based upon faulty jury instructions unless it is clear that the jury instructions constituted prejudicial error." *State v. Grimm*, 12th Dist. Clermont No. CA2018-10-071, 2019-Ohio-2961, ¶ 26,

- 2 -

citing *State v. Napier*, 12th Dist. Clermont No. CA2016-04-022, 2017-Ohio-246, ¶ 30. Therefore, when reviewing a trial court's jury instructions, this court must affirm a conviction if the trial court's jury instructions, when taken in their entirety, "fairly and correctly state the law applicable to the evidence presented at trial." *Davis* at ¶ 28.

{¶ 8} The trial court instructed the jury on constructive possession as follows:

Constructive possession exists when one is conscious of the presence of an object and able to exercise dominion and control over it, even if it's not in one's immediate physical possession. Constructive possession may be proven by circumstantial evidence alone. Two or more persons may have joint constructive possession of the same object or substance.

{¶ 9} We find no error in the trial court's jury instruction for constructive possession. Despite Sexton's claims, the trial court's jury instruction was a complete and proper statement of the law as it relates to constructive possession. That is to say, the trial court "properly (1) defined constructive possession, (2) informed the jury that a defendant must be 'conscious of the presence' of the contraband for constructive possession to exist; (3) explained the significance of circumstantial evidence; (4) instructed the jury on the importance of a defendant's proximity to contraband; and (5) explained that more than one person could have constructive possession of the same object." *State v. Brown*, 4th Dist. Athens No. 09CA3, 2009-Ohio-5390, ¶ 38.

{¶ 10} This court has in fact used that exact same language to explain the circumstances under which constructive possession exists. *See State v. Cobb*, 12th Dist. Butler No. CA2007-06-153, 2008-Ohio-5210, ¶ 100 ("[c]onstructive possession exists when one is conscious of the presence of the object and able to exercise dominion and control over it, even if it is not within one's immediate physical possession"); *see also State v. Schnecker*, 12th Dist. Butler No. CA2004-10-264, 2005-Ohio-6427, ¶ 18 (constructive possession exists "where one is conscious of the presence of the object and able to

exercise dominion and control over it, even if it is not within his immediate physical possession"). Therefore, because the trial court provided the jury with a complete and proper jury instruction for constructive possession, Sexton's first assignment of error lacks merit and is overruled.

{¶ 11} Assignment of Error No. 2:

{¶ 12} APPELLANT'S RIGHT TO A FAIR TRIAL AND DUE PROCESS OF LAW WAS DENIED BECAUSE THE TRIAL COURT IMPROPERLY INSTRUCTED THE JURY AS TO CONSCIOUSNESS OR AWARENESS OF GUILT, AND, ADDITIONALLY, ADMITTED A RELATED 911 CALL.

{¶ 13} In his second assignment of error, Sexton argues the trial court erred by instructing the jury on flight as evidence of his consciousness of guilt since his "flight from the scene where a 911 call was made had nothing to do with the charge subject to this matter" and was "unrelated to drugs." However, although we agree that 9-1-1 was called to report something other than Sexton's aggravated possession of drugs, it was a question for the jury to determine whether Sexton's flight from the scene should be considered as evidence of his consciousness of guilt for that crime. *See State v. Lawson*, 12th Dist. Butler No. CA99-12-226, 2001 Ohio App. LEXIS 1916, *25 (Apr. 30, 2001). The instruction provided to the jury in fact specifically stated as much by noting that it was for the jury to determine whether Sexton fled from the scene and, if so, whether his flight from the scene was motivated by his consciousness of guilt "of the crime charged." Therefore, even though the 9-1-1 call was made to report something other than Sexton's aggravated possession of drugs, we find no error in the trial court's decision instructing the jury on flight as evidence of Sexton's consciousness of guilt for that crime. Sexton's claim otherwise lacks merit.

{¶ 14} We also find no merit to Sexton's claim that the trial court erred by admitting the 9-1-1 call into evidence. The 9-1-1 call was relevant and admissible as a present sense

impression pursuant to Evid.R. 803(1), "which provides that statements describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter, are admissible." *State v. Naugler*, 12th Dist. Madison No. CA2004-09-033, 2005-Ohio-6274, ¶ 26. The 9-1-1 call was also admissible to explain the immediate background of the acts that formed the basis for the charged crime. *See Grimm*, 2019-Ohio-2961 at ¶ 20. This holds true despite the fact the 9-1-1 call was made to report something other than Sexton's aggravated possession of drugs. To hold otherwise would require law enforcement to ignore evidence of other crimes simply because a 9-1-1 call was made to report a different, more specific crime. Therefore, although the 9-1-1 call was made to report something other than Sexton's aggravated possession of drugs, Sexton's claim that the trial court erred by admitting the 9-1-1 call into evidence lacks merit. Accordingly, finding no merit to any of the arguments raised herein, Sexton's second assignment of error is overruled.

{¶ 15} Assignment of Error No. 3:

{¶ 16} THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW AND/OR GOES AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE TO SUSTAIN APPELLANT'S CONVICTION FOR ONE COUNT OF POSSESSION OF DRUGS, ORC 2925.11(A), A FELONY OF THE FIFTH DEGREE.

{¶ 17} In his third assignment of error, Sexton argues his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence. Sexton supports this claim by alleging his conviction must be reversed since the jury's verdict was "tainted by the confusing and prejudicial jury instructions and/or evidence reviewed above." This, according to Sexton, creates "reasonable doubt" that the jury "properly deliberated regarding the nature of the substantial circumstantial evidence before them." However, as discussed more fully above, the trial court did not err by instructing the

jury on constructive possession or flight as evidence of Sexton's consciousness of guilt. The trial court also did not err by admitting the 9-1-1 call into evidence. Simply stated, the record contains more than enough competent, credible evidence to support Sexton's conviction. Therefore, because Sexton's conviction was supported by sufficient evidence and was not against the manifest weight of the evidence, Sexton's third assignment of error lacks merit and is overruled.

{¶ 18} Judgment affirmed.

M. POWELL, P.J., and RINGLAND, J., concur.