[Cite as *State v. Davenport*, 2024-Ohio-1289.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-230353 |
| | | TRIAL NO. B-2106325 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | |
| | | *O P I N I O N.* |
| KEVIN DAVENPORT, | : | |
| | | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: April 5, 2024

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *John D. Hill, Jr.*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Godbey Law, LLC,* and *James J. Whitfield*, for Defendant-Appellant.

**BOCK, Presiding Judge.**

{¶1} While driving, defendant-appellant Kevin Davenport noticed a car following him. After unsuccessfully attempting to lose the car that was tailing him, Davenport, without leaving his vehicle, reached through the rear-seat console of his car to the trunk, retrieved two firearms, and loaded the firearms. Davenport exited from his vehicle with a firearm in hand. The other driver was a plainclothes police officer.

{¶2} The trial court convicted Davenport of carrying a concealed weapon in violation of R.C. 2923.12(A)(2) (prohibiting a person from knowingly having a handgun "concealed ready at hand") and improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B) (prohibiting a person from "knowingly transport[ing] or hav[ing] a loaded firearm in a motor vehicle in such a manner that the firearm is accessible to the operator * * * without leaving the vehicle.").

{¶3} Davenport appeals his convictions, arguing that the trial court abused its discretion in declining to provide the jury an instruction on the affirmative defense of entrapment. Because Davenport failed to present evidence showing his entitlement to an entrapment jury instruction, we overrule Davenport's assignment of error.

## I. Facts and Procedure

{¶4} In December 2021, Detective Grisby was patrolling the Camp Washington neighborhood and observed a Nissan with an out-of-state license plate pull into a gas station, turn into the street, and pull onto a side street briefly before driving away. Grisby became suspicious, so she began to loosely tail the Nissan. Grisby soon lost sight of the Nissan. Davenport was later identified as the Nissan's driver.

{¶5}     Detective Fox, who was driving an unmarked vehicle, testified that after hearing a description of the Nissan over the police radio, he located the Nissan and loosely tailed it. A few minutes after Fox began to follow the Nissan, Davenport stopped his vehicle on the Western Hills viaduct, reversed towards Fox's vehicle, stopped roughly one-to-two car lengths from Fox, and "jumped out of the vehicle." Fox testified that Davenport "pulled out a gun and pointed that gun straight at me."

{¶6}     Fox retreated to the rear of his vehicle and identified himself as a police officer. Fox fired his weapon once toward Davenport but did not hit him. When uniformed officers arrived, Davenport walked back to his vehicle and put his firearm on top of his vehicle. Officers arrested Davenport.

## A. *Davenport accessed firearms through the trunk of his vehicle*

{¶7}     Detective Beebe investigated the events after Davenport's arrest. In an interview with Beebe, which the jury watched, Davenport said that he reached into the trunk of his vehicle to retrieve the firearms while Fox was following him. He confirmed that he did not leave the vehicle to access the firearms.

{¶8}     Davenport first said that the two firearms and ammunition had been inside of an unzipped bag in the trunk, but later he said that the "big gun" was outside of the bag. Davenport said that the smaller firearm inside of the bag was "loaded ready." Davenport told Beebe that his ammunition was in the bag or loaded into the firearms. He admitted that he did not have a permit to carry a concealed weapon.

{¶9}     At trial, Davenport's story changed—he testified that he had placed the firearms in the trunk unloaded, with the ammunition in the glove box. Davenport testified that he had retrieved the firearms and ammunition without leaving the vehicle by putting his car in neutral, lowering the backseat down, and reaching into

the trunk where the firearms were located. Davenport "pulled both [guns] in the front because they were both in the bag, and [his] clips [were] in the glove box, and [he] loaded them both just in case."

### B. *The jury instructions and verdict*

{¶10} Davenport filed proposed jury instructions, which included an entrapment instruction. Davenport argued, "but for the behavior of the police officers in this case, there would have never been the charges that were filed."

{¶11} After the parties argued for and against the entrapment instruction, the trial court denied Davenport's proposed jury instruction. The jury found Davenport guilty of carrying a concealed weapon and improperly handling a firearm in a motor vehicle. The trial court sentenced Davenport to 18 months of community control and ordered the firearms to be destroyed. Davenport appeals.

## II. Law and Analysis

{¶12} In his sole assignment of error, Davenport argues the trial court abused its discretion in refusing to instruct the jury on the affirmative defense of entrapment.

{¶13} "We review a trial court's decision granting or denying a defendant's proposed jury instruction under an abuse-of-discretion standard." *State v. Thompkins*, 1st Dist. Hamilton No. C-220307, 2023-Ohio-2603, ¶ 15, quoting *State v. Houston*, 1st Dist. Hamilton No. C-190598, 2020-Ohio-5421, ¶ 34. "A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary." *Id.*, quoting *State v. Pittman*, 1st Dist. Hamilton No. C-220460, 2023-Ohio-1990, ¶ 10, citing *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

4

## A. *Entrapment Jury Instructions*

{¶**14**} A trial court should provide a defendant's requested jury instructions when those instructions are applicable to the facts of the case and are correct statements of law, and when reasonable jurors could reach the conclusion sought by the requested instructions. *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, ¶ 240. "[A] trial court must fully and completely give the jury all instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact finder." *State v. Jones*, 1st Dist. Hamilton No. C-090137, 2010-Ohio-4116, ¶ 31, quoting *State v. Comen*, 50 Ohio St.3d 206, 553 N.E.2d 640 (1990), paragraph two of the syllabus.

{¶**15**} A trial court should include a proposed affirmative-defense jury instruction when the defendant introduced sufficient evidence that, if believed, would cause reasonable jurors to question whether the defense existed. *Id.*, quoting *State v. Melchior*, 56 Ohio St.2d 15, 381 N.E.2d 195 (1978), paragraph one of the syllabus. Whether the evidence adduced at trial is sufficient to require an affirmative-defense instruction is left to the trial court's discretion because it is in the best position to gauge the evidence before the jury. *State v. Fulmer*, 117 Ohio St.3d 319, 2008-Ohio-936, 883 N.E.2d 1052, ¶ 72.

{¶**16**} When raising an entrapment defense, the defendant admits the commission of the crime and attempts to avoid liability by showing that "the government induced him to commit a crime that he was not predisposed to commit." *Jones* at ¶ 27, quoting *State v. Doran*, 5 Ohio St.3d 187, 193, 449 N.E.2d 1295 (1983). Entrapment is an affirmative defense. *Id.* at ¶ 30, citing *Doran* at paragraph two of the

syllabus. Therefore, the defendant bears the burdens of production and persuasion by a preponderance of the evidence. *Id*.; R.C. 2901.05(A).

{¶17} To establish entrapment, the defendant must submit evidence showing that (1) the criminal design, plan, or idea originated with the government, (2) the government induced the defendant to commit the criminal act, and (3) the defendant was not predisposed to commit the crime. *Jones*, 1st Dist. Hamilton No. C-090137, 2010-Ohio-4116, at ¶ 28, quoting *Doran* at paragraph one of the syllabus.

### B. *Davenport was not entitled to an entrapment instruction*

{¶18} Initially, we note what is not before us. Davenport does not raise a sufficiency-of-the-evidence argument—by asserting the entrapment defense to both counts, Davenport admitted that the state satisfied the elements of both offenses. Davenport also does not raise a self-defense argument and accordingly, the reasonableness of Davenport's actions in response to the police tailing him is irrelevant to our analysis.

{¶19} Davenport's appellate brief lays out the facts and the pertinent law. His entire argument is as follows: "Considering the testimony presented and construing the evidence objectively, there is a question of fact whether Mr. Davenport was induced by the undercover officer(s) to commit the crimes charged. Mr. Davenport's history, the evidence provided, and his testimony clearly supports, at the minimum, providing the jury an instruction on entrapment."

{¶20} Davenport fails to specify which parts of the record support his argument. He does not point to any part of the trial transcript to show that he produced evidence demonstrating his entitlement to an entrapment instruction. "Under App.R. 12(A)(2) and 16(A)(7), an appellate court may disregard arguments

6

where the appellant fails to identify the issues and the relevant portions of the record to support the argument. It is not this court's role to scour the record to root out issues and arguments." *La Spisa v. La Spisa*, 2023-Ohio-3467, 225 N.E.3d 398, ¶ 57 (8th Dist.).

{¶21} Even if Davenport had identified portions of the record to support his argument, the result would not change. At trial, Davenport offered no evidence to show that the criminal design, plan, or idea—Davenport knowingly having concealed weapons ready at hand, and Davenport transporting those firearms and ammunition in a motor vehicle when the firearms and ammunition were accessible to Davenport without leaving his vehicle—originated with the state. And he offered no evidence to show that the state induced him into placing those firearms and ammunition in his vehicle where they were concealed and readily accessible to him without leaving the vehicle. Davenport's failure to offer such evidence is fatal to his assertion that he was entitled to an entrapment jury instruction at trial.

{¶22} We overrule Davenport's sole assignment of error.

### III.   Conclusion

{¶23} For the foregoing reasons, we overrule Davenport's sole assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**CROUSE** and **BERGERON, JJ.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.