OPINION
 STATEMENT OF THE FACTS AND CASE
On March 19, 1999, Appellant was indicted on the following counts:
 Count One: Engaging in a Pattern of Corrupt Activity, in violation of R.C. § 2923.32(A)(1)
 Count Two: Conspiracy to Engage in a Pattern of Corrupt Activity, in violation of R.C. § 2923.32(A)(2)
 Count Three: Forgery, in violation of R.C. § 2913.31(A)(3), [F5]
 Count Four: Theft, in violation of R.C. § 2913.02(A)(3) [F5]
 Count Five: Theft, in violation of R.C. § 2913.02(A)(3) [F5]
 Count Six: Theft, in violation of R.C. § 2913.02(A)(3) [F5]
 Count Seven: Passing Bad Checks, in violation of R.C. § 2913.11(A) [M1]
 Count Eight: Passing Bad Checks, in violation of R.C. § 2913.11(A) [M1]
 Count Nine: Complicity to Falsification, in violation of R.C. § 2923.03(A)(2) [F5]
On April 22, 1999, Appellant was arraigned on these charges and entered a plea of "not guilty" to each count.
On May 5, 1999, Counts One and Two were dismissed and Appellant changed his former pleas to Counts Three through Nine and entered a plea of guilty to each of these counts as charged.
On June 16, 1999, Appellant failed to appear for his sentencing hearing.
On April 14, 2001, was arrested.
On June 19, 2001, the trial court sentenced Appellant to a prison term of eleven months on Counts Three, Four, Five, Six and Nine. Appellant was sentenced to six months on Counts Seven and Eight. Counts Six, Seven, Eight and Nine were ordered to be served concurrently with Count Five. Counts Three, Four and Five were ordered to served consecutively to one another.
Appellant timely appealed, assigning the following errors:
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT ERRED IN OVERRIDING THE PERSUMPTION [SIC] OF COMMUNITY CONTROLL [SIC] SANCTIONS AND SENTENCING THE APPELLANT TO PRISON ON FIFTH DEGREE FEOLNY [SIC] CONVICTIONS.
 II. THE TRIAL COURT ERRED IN IMPOSING A PRISON TERM IN EXCESS OF THE SHORTEST TERM.
 III. THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO A FIFTH DEGREE FELONY WHEN THE CRIMES TO WHICH APPELLANT PLED ARE MISDOMEANORS [SIC].
We must observe at the outset that appellant's counsel failed to comply with Local Appellate Rule 4(A), which requires that a copy of the judgment entry be attached to appellant's brief. This omission by counsel is grounds for sua sponte dismissal of the appeal. See State v. Williams
(Feb. 14, 1984), Fairfield App., No. 42-CA-83, unreported. However, we elect here to address the merits of the appeal.
 I.
Appellant claims the trial court erred in sentencing him to a prison term rather than imposing community control sanctions. We disagree.
A trial court has discretion to determine the most effective way to comply with the purposes and principles of sentencing. R.C. §2929.12(A); State v. O'Dell (1989), 45 Ohio St.3d 140. As a reviewing court, we will not disturb a trial court's decision as it pertains to sentencing unless we find an abuse of discretion. This connotes more than an error of law or judgment, it implies the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. It is based on this standard that we review appellant's assignment of error.
R.C. § 2929.11 sets forth the overriding purposes of felony sentencing. This statute provides:
 (A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
* * *
 (B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenders.
R.C. § 2929.13 provides guidance according to the degree of the felony. Section (B)(1) of this statute addresses fourth and fifth degree felonies. Under this section of the statute, a trial court is required to determine whether any of the following factors apply:
 (a) In committing the offense, the offender attempted to cause physical harm to a person.
 (b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 (c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused psychical harm to a person.
 (d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 (e) The offender committed the offense for hire as part of an organized criminal activity.
 (f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04, 2907.05, 2907.22, 2907.31, 2907.321, 2907.322, 2907.323, or 2907.34 of the Revised Code.
(g) The offender previously served a prison term.
 (h) The offender previously was subject to a community control sanction, and the offender committed another offense while under the sanction.
If the trial court finds one of the factors set forth above applicable, the court may mandate a prison sentence upon further findings pursuant to R.C. § 2929.13(B)(2)(a). This section of the statute provides:
 If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender.
In its June 19, 2001 Judgment Entry of Sentence, the trial court found:
 . . . the recidivism and seriousness factors favoring the imposition of a stated prison term outweighed the recidivism and seriousness factors favoring the imposition of Community Control Sanctions for the following reasons: (1) the Defendant was on Probation from Polk County Florida when the instant offense occurred; (2) the Defendant has a prior history of criminal activity both as a juvenile and as an adult dating back to 1987. . . . (3) the Defendant has failed to respond favorably in the past to sanctions imposed for criminal convictions insofar as he has continued to reoffend and has maintained a pattern of continued criminal activity for the past fourteen (14) years (4) the victims in the instant case suffered economic harm as a result of the offenses set forth in Counts Three, Four, Five, Six, Seven, Eight and Nine of the Indictment.
In so finding, the trial court found that a prison term was consistent with the purposes and principles of R.C. § 2929.11 and that appellant was not amenable to a community control sanction.
Accordingly, we conclude appellant has failed to establish that the record does not support the sentence by clear and convincing evidence. The trial court did not abuse its discretion when it sentenced appellant to a prison term on the fifth degree felonies as opposed to community control sanctions. The record indicates the trial court properly considered the factors under R.C. § 2929.13.
Assignment of Error I is denied.
 II.
Appellant claims the trial court erred in not sentencing him to the shortest prison term. We disagree.
R.C. § 2953.08 governs an appeal of sentence for felony. Subsection (G)(1) states as follows:
 The court hearing an appeal of a sentence under division (A) or (B)(1) or (2) of this section may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
That the record does not support the sentence;
* * *
That the sentence is otherwise contrary to law.
Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
Appellant pled guilty to five felonies of the fifth degree, and two misdemeanors of the first degree. R.C. § 2909.05(E).
Pursuant to R.C. § 2929.14(A)(5), felonies of the fifth degree are punishable by "six, seven, eight, nine, ten, eleven, or twelve months." By judgment entry filed * *, the trial court sentenced appellant to eleven months in prison.
Pursuant to R.C. § 2929.14(B), if an offender has not previously served a prison term, as is the case herein, a trial court shall impose the shortest prison term available unless "the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
In sentencing appellant to more than the shortest prison term, the trial court found that "[t]he shortest prison terms would demean the seriousness of the Defendant's conduct" and "[t]he shortest prison terms would not adequately protect the public." June 19, 2001 Judgment Entry at 3.
Upon review, we cannot find clear and convincing evidence that the record does not support the sentence or that the sentence is otherwise contrary to law.
Assignment of Error II is denied.
 III.
In his third assignment of error, Appellant contends that the trial court erred in allowing aggregation of the values of the checks in the theft offenses arguing rather that the proper charges should have been a series of misdemeanors. We disagree.
Appellant raised no objection to this alleged error to the trial court. The Ohio Supreme Court has found that failure to raise such a claim at the trial level constitutes waiver of the alleged error. Statev. Comen (1990), 50 Ohio St.3d 206, 211. Therefore, we must analyze Appellant's claim under the plain error standard contained in Crim.R. 52(B). "Notice of plain error * * * is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. In this case, however, we see no error whatsoever in the trial court's decision to allow aggregation of the offenses.
Appellant's assignment of error essentially challenges the propriety of the State's indictment. Specifically, Appellant claims that his acts of theft were separate and distinct and do not meet the criteria set forth under R.C. § 2913.61(C)(2) for the prosecution of a series of thefts as a single offense. For the reasons that follow, we hold that the indictment in this case was valid.
R.C. § 2913.61 which governs the value of property states:
 (C)(2) If an offender commits a series of offenses under section 2913.02 of the Revised Code that involves a common course of conduct to defraud multiple victims, all of the offenses may be tried as a single offense. . . . If the offenses are tried as a single offense, the value of the property or services involved for the purpose of determining the value as required by division (A) of this section is the aggregate value of all property and services involved in all of the offenses in the course of conduct.
Based on the foregoing, we find that aggregation of the multiple theft offenses was authorized in the case sub judice.
Assignment III is overruled.The decision of the Delaware County Common Pleas Court is affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed. Costs to Appellant.
By: Boggins, J., Farmer, P.J. and Edwards, J. concur.