[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
At approximately 11:00 p.m. on December 7, 2000, a uniformed police officer saw defendant-appellant Shannon Davis exit a building on East 14th Street in downtown Cincinnati. The police had received complaints about drug sales and use, prostitution and trespassing in the building. As Davis walked down the street, the officer approached him. Davis admitted to the officer that he had no business in the building, and that he was just "cutting through." The officer asked Davis if "he had anything on him." Davis answered, "No." When the officer asked Davis if he could check, Davis replied, "Go ahead." During the ensuing search, the officer found a folded dollar bill containing crack cocaine in Davis's pocket. Davis admitted that he consented to a search, but stated that he only consented to a search for weapons and not a full search for contraband.
Davis filed a motion to suppress the evidence found as a result of the search. The record does not contain the trial court's entry overruling Davis's motion to suppress. Subsequently, Davis pleaded no contest to and was found guilty of possession of cocaine.
Davis's sole assignment of error alleges that the trial court erred in overruling his motion to suppress evidence. The record certified on appeal does not contain an entry overruling Davis's motion to suppress evidence. Both parties have stated in their briefs and in oral argument that the trial court overruled the motion. Given the parties' representations, we will presume regularity in the proceedings below and proceed on the basis that the trial court, in fact, overruled the motion to suppress. See Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,400 N.E.2d 384; State v. McIntosh (Aug. 31, 2001), Hamilton App. No. C-000695, unreported.
We now turn to the merits of Davis's appeal. In State v. Hill (Nov. 1, 1997), Hamilton App. No. C-960963, unreported, we stated,
 Not every encounter between the police and a citizen is a seizure. Even when police have no basis for suspecting a particular individual of any criminal activity, they may ask questions and even request to search that person's property, so long as the requests are not perceived as coercive. Florida v. Bostick (1991), 501 U.S. 429, 111 S.Ct. 2382. A search is valid and does not violate the Fourth Amendent when it is consensual, so long as the consent is freely and voluntarily given. Schneckloth v. Bustamonte (1973), 412 U.S. 218, 93 S.Ct. 2041; State v. Comen (1990), 50 Ohio St.3d 206, 211, 553 N.E.2d 640, 645. A totality-of-the-circumstances test is used to determine voluntariness. Schneckloth, supra.
 In a hearing on a motion to suppress, the trial court is the trier of fact. See State v. Mills (1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972, 982, citing State v. Fanning (1982), 1 Ohio St.3d 19, 20, 437 N.E.2d 583, 584. In addition, the trial court determines the credibility of the witnesses and the weight to be given the evidence. See id.
At the suppression hearing, the officer testified that Davis consented to the search. Davis testified that he consented only to a search for weapons, and not to a search for contraband. The trial court believed the testimony of the police officer, which it was free to do. A reviewing court must accept the trial court's factual determinations if they are supported by competent, credible evidence. See State v. Warren
(1998), 129 Ohio App.3d 598, 601, 718 N.E.2d 936, 938-939; State v.Hollins (Mar. 30, 2001), Hamilton App. No. C-000344, unreported; Statev. Hill, supra. We have reviewed the record and we hold that it contains competent, credible evidence from which the trial court could have concluded that the search of Davis was constitutionally valid because his consent was freely and voluntarily given. The assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Winkler, JJ.