OPINION
Defendant-appellant, Lavell Hamilton, appeals his conviction for murder and his sentencing in the Butler County Court of Common Pleas. We affirm the trial court's decision.
On August 8, 2000, Chris Johnson died from a gunshot wound. A police investigation led to the arrest of appellant for Johnson's murder. Appellant was indicted for one count of murder in violation of R.C.2903.02(A) with a gun specification, and two counts of having weapons under a disability. Before trial, appellant pled guilty to the two counts of having weapons under a disability.
At trial, the state presented evidence to show that several people, including appellant and Johnson, were at a trailer in Hamilton, Ohio, smoking crack cocaine. At some point in the evening, a fight occurred between Johnson and Nick Brown, a friend of appellant's. Appellant broke up the fight and had additional words with Brown. The state presented eyewitness testimony to establish that appellant shot Johnson. Appellant testified and claimed that the shooting was in self-defense. A jury found appellant guilty of murder in violation of R.C. 2903.02(A) with a gun specification. The trial court sentenced appellant to 15 years to life on the murder conviction, consecutive to a three-year term for the gun specification. The trial court merged the two convictions for possessing weapons under a disability and imposed an 11-month prison term to run consecutively with the other prison terms.
Appellant now appeals his conviction for murder and the trial court's sentencing decision, raising the following two assignments of error:
Assignment of Error No. 1:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT REFUSED TO PROPERLY INSTRUCT THE JURY REGARDING SELF-DEFENSE."
Assignment of Error No. 2:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT SENTENCED HIM TO CONSECUTIVE SENTENCES."
In his first assignment of error, appellant argues that the trial court erred by failing to instruct the jury that a defendant who has a mistaken belief as to the existence of danger is justified in killing his assailant in self-defense.
Jury instructions must contain "all matters of law necessary for the information of the jury in giving its verdict." R.C. 2945.11. A trial court must give the jury all instructions that are relevant and necessary for the jury to weigh the evidence and fulfill its duty as the fact finder. State v. Comen (1990), 50 Ohio St.3d 206, 210. When reviewing a trial court's jury instructions, the proper standard of review for an appellate court is whether the trial court's refusal to give a requested jury instruction constituted an abuse of discretion under the facts and circumstances of the case. State v. Wolons (1989), 44 Ohio St.3d 64,68.
Appellant testified that Johnson was a part of PIRU, which stands for "People In Red Uniforms" and is part of the Blood gang organization. He testified that Johnson had a reputation for violence and for carrying a gun. Appellant testified that he knew Johnson was looking for him because he had been with another person who robbed "one of his [Johnson's] boys."
According to appellant, he went to the trailer to sell and smoke drugs and was probably drinking. He stated that he was in the back bedroom when he heard shouting and came out and saw Johnson. Appellant claimed that Johnson had a gun and started saying things like "somebody gonna die here," and "somebody's not leaving here tonight." Appellant claimed that Johnson's hand went out, so he pulled his own gun out and began shooting before Johnson could shoot him. According to appellant, he shot first because he was afraid Johnson would shoot him. The police only recovered appellant's gun at the scene. In addition, the other witnesses all testified that Johnson did not have a gun.
The trial court instructed the jury as follows:
 "To establish self-defense the following elements must be shown: (1) the defendant was not at fault in creating the situation giving rise to the confrontation; (2) the defendant had reasonable grounds to believe and an honest belief that he or another was in imminent danger of death or of great bodily harm, and that his only means of escape from such danger was in the use of deadly force; and (3) the defendant must not have violated any duty to retreat to avoid the danger."
Appellant claims that while the jury instructions given by the court are correct statements of the law, "they did not go far enough." Appellant requested that the trial court instruct the jury as follows:
 "If the defendant had a reasonable ground, and honest belief, that he was in imminent danger of death, or great bodily harm, and that the only means of escape from such danger was by injuring or killing his assailant, then he was justified, even though he was mistaken as to the existence of such danger."
Appellant claims that it was necessary for the court to specifically instruct the jury that appellant's belief could be mistaken and still be a good-faith belief. We disagree. It is well-established that jury instructions must be reviewed as a whole. State v. Coleman (1988),37 Ohio St.3d 286, 290. After reading the above instruction, the trial court further instructed the jury that appellant had a duty to retreat if he was at fault in creating the situation or "did not have reasonable grounds to believe, and an honest belief, that he was in imminent danger of death or great bodily harm * * *."
The court further defined the terms "reasonable grounds" and "honest belief" by instructing that "[i]n determining whether the defendant, Lavell Hamilton, had reasonable grounds for an honest belief that he was in imminent danger you must put yourself in the position of this defendant, with his characteristics, his knowledge or lack of knowledge, and under the circumstances and conditions that surrounded him at the time." The court further instructed the jury that "[y]ou must consider the conduct of Christopher Johnson and determine if his acts and words caused the defendant, Lavell Hamilton, to reasonably and honestly believe that he or another was about to receive great bodily harm."
Thus, the court made it clear that the appropriate standard was "reasonable grounds and honest belief" and explained that this standard was to be determined by the jury putting themselves in the same position as the defendant. The phrase "honest belief" "naturally includes the possibility that the defendant may have been mistaken in his belief."State v. Evans, Cuyahoga App. No. 79895, 2002-Ohio-2610, at ¶ 53. Thus, we find the trial court did not err in its instructions to the jury. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant contends that the trial court failed to make the required statutory findings before imposing consecutive sentences.
Pursuant to R.C. 2929.14(E)(4), a trial court may impose consecutive terms of imprisonment if it makes three findings. First, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(E)(4). Second, the consecutive terms must not be disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Finally, the trial court must find that one of the factors listed in R.C. 2929.14(E)(4)(a) through (c) applies:
 "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code or was under post-release control for a prior offense;
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct;
 "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
R.C. 2929.14(E)(4) does not require the trial court to recite the exact words of the statute in a talismanic ritual to impose consecutive sentences upon an offender. State v. Boshko (2000), 139 Ohio App.3d 827,839. However, the statute requires the trial court to state sufficient supporting reasons for the imposition of such sentences. R.C.2929.19(B)(2)(c); State v. Jones, 93 Ohio St.3d 391, 399,2001-Ohio-1341; Boshko at 838.
In its written judgment entry of conviction, the trial court specifically found that consecutive sentences were necessary to protect the public from further crime or to punish appellant, and were not disproportionate to the seriousness of appellant's conduct and the danger he posed to the public. The trial court also found that appellant's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime. Thus, the trial court made the necessary findings to support the imposition of consecutive sentences.
Appellant argues that the trial court did not state sufficient reasons for the imposition of consecutive sentences. However, at the hearing, the trial court stated that it was concerned about the fact that appellant had numerous convictions, including four prior assault convictions, one aggravated assault conviction, and a weapon under a disability charge for which he was sent to prison. Appellant argues this reason is insufficient to support the decision to impose consecutive sentences. However, we find that the findings expressed by the trial court regarding appellant's lengthy background of harmful criminal behavior is sufficient to support the decision to impose consecutive sentences. Appellant's second assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and VALEN, J., concur.