[Cite as *State v. Millay*, 2012-Ohio-3776.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | JUDGES: |
| STATE OF OHIO | : | Patricia A. Delaney, P.J. |
| | : | John W. Wise, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
| | : | |
| -vs- | : | Case No. 11 CAA 10 0090 |
| | : | |
| | : | |
| TIMOTHY MILLAY | : | O P I N I O N |
| | | |
| Defendant-Appellant | | |

CHARACTER OF PROCEEDING:        Criminal Appeal from Delaware
                                County Court of Common Pleas Case
                                No. 11-CR-I-06-031

JUDGMENT:                       Affirmed

DATE OF JUDGMENT ENTRY:         August 16, 2012

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

CAROL HAMILTON O'BRIEN                  WILLIAM T. CRAMER
Delaware County Prosecuting Attorney    470 Olde Worthington Rd.
                                        Suite 200
DOUGLAS DUMOLT                          Westerville, Ohio  43082
Assistant Prosecuting Attorney
140 N. Sandusky St., 3rd Floor
Delaware, Ohio  43015

*Edwards, J.*

{¶1}   Appellant, Timothy Millay, appeals a judgment of the Delaware County Common Pleas Court convicting him of domestic violence with two prior convictions (R.C. 2919.25(A)) and aggravated menacing (R.C. 2903.21(A)).   Appellee is the State of Ohio.

STATEMENT OF FACTS AND CASE

{¶2}   Appellant and Terri Dewart were involved in an on-and-off relationship over a period of five years.   Dewart described the relationship as volatile.   In June of 2011, the couple lived together in Delaware County.   Earlier that year, Dewart stopped receiving unemployment compensation, and she and appellant began to fight about money.

{¶3}   On June 4, 2011, appellant spent the day drinking with a next door neighbor.   Dewart spent the day in the house she shared with appellant, drinking and watching television.   Appellant returned home and told her to leave the house now.   She told him she had nowhere to go and would leave the next day.   Appellant pulled her by the hair, uprooting some of her hair and creating a bald spot.   He began punching her arm and leg.   Appellant told Dewart, "If I could kill you and get away with it I would."   Appellant then tore up the house and yard before passing out on the porch.   After appellant passed out, Dewart obtained his cell phone, the only phone in the house, and called 911.

{¶4}   Genoa Township patrol officer Shawn Combs and K-9 officer Jason Berner responded to the call.   The yard was strewn with debris including beer cans, a

vase and a piece of lawn furniture turned upside down.  Appellant was passed out on the porch.

{¶5}    The officers woke appellant up, and appellant became belligerent. Appellant told them to "get the fuck out," called them "pigs," and told Officer Berner he could whip his ass.

{¶6}    Inside the house, Officer Combs found items upended, cigarettes on the floor, an ashtray upended, a chunk of drywall missing where Dewart told officers appellant had thrown the ashtray, laundry strewn about, and beer cans on the floor.  In the kitchen the refrigerator door was open and food had been thrown around the kitchen.

{¶7}    Dewart told officers that in addition to the incident for which she had just called 911, on May 27, 2011, she said something appellant didn't like while they were talking on the neighbors' porch.  She told police that appellant chased her through the house, telling her to never talk to him like that again in front of other people.  She ran into the den and tried to hold the door closed to keep appellant away from her.  She told police that appellant slammed her into the door, bruising her eye, and then shoved her on to the coffee table.

{¶8}    The officers handcuffed appellant and led him to the police cruiser. Appellant told the officers he could whip their asses with his hands cuffed behind his back.  He yelled, "Bitch, you're done, I didn't hit you."  As they passed Officer Berner's cruiser where his canine partner Brutus sat in the backseat, appellant asked to be placed in the seat with the dog, saying, "That dog's a pussy, I'll whip his ass."  While in the holding area at the police station, appellant continued his tirade, saying that after he

got out of jail there would be more hitting, but not by him. He stated that he was going to hire a "crack whore" to "fuck her up" and he was going to have her mother "done" too, and he'd hire it done with a rock of crack.

{¶9} Appellant was charged with two counts of domestic violence (R.C. 2919.25(A)), both as third degree felonies because appellant had two prior convictions. He was also charged with aggravated menacing (R.C. 2903.21(A)).

{¶10} The case proceeded to jury trial. At the beginning of the trial, the court read the jury preliminary instructions concerning burden of proof, credibility, the function of the judge and jury, and evidence. At the end of the trial the court did not repeat these general instructions, but instructed the jury specifically concerning the charged offenses.

{¶11} Appellant was convicted of domestic violence and aggravated menacing for the incident occurring on June 4, 2011. He was acquitted of domestic violence for the incident on May 27, 2011. He was sentenced to four years incarceration for domestic violence and sixty days incarceration for aggravated menacing, to be served concurrently.

{¶12} Appellant assigns two errors on appeal:

{¶13} "I. APPELLANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS AND FAIR TRIAL WERE VIOLATED WHEN THE TRIAL COURT FAILED TO REPEAT PRELIMINARY JURY INSTRUCTIONS ON CREDIBILITY, THE PRESUMPTION OF INNOCENCE, THE BURDEN OF PROOF, AND THE DEFINITION OF REASONABLE DOUBT AFTER CLOSING ARGUMENTS IN VIOLATION OF CRIM. R. 30.

**{¶14}** "II. APPELLANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO THE EFFECTIVE ASSISTANCE OF COUNSEL WERE VIOLATED WHEN TRIAL COUNSEL FAILED TO OBJECT WHEN THE TRIAL COURT INDICATED THAT IT WOULD NOT REPEAT THE PRELIMINARY INSTRUCTIONS ON CREDIBILITY, THE PRESUMPTION OF INNOCENCE, THE BURDEN OF PROOF, AND THE DEFINITION OF REASONABLE DOUBT."

I

**{¶15}** In his first assignment of error, appellant argues the trial court violated Crim. R. 30 by failing to repeat the preliminary jury instructions concerning credibility, the presumption of innocence, the burden of proof and the definition of reasonable doubt at the end of the case. Crim R. 30 provides:

**{¶16} "(A) Instructions; error; record**

**{¶17}** "At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. Copies shall be furnished to all other parties at the time of making the requests. The court shall inform counsel of its proposed action on the requests prior to counsel's arguments to the jury and shall give the jury complete instructions after the arguments are completed. The court also may give some or all of its instructions to the jury prior to counsel's arguments. The court shall reduce its final instructions to writing or make an audio, electronic, or other recording of those instructions, provide at least one written copy or recording of those instructions to the jury for use during deliberations, and preserve those instructions for the record.

**{¶18}** "On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury.

**{¶19}** "**(B) Cautionary instructions**

**{¶20}** "At the commencement and during the course of the trial, the court may give the jury cautionary and other instructions of law relating to trial procedure, credibility and weight of the evidence, and the duty and function of the jury and may acquaint the jury generally with the nature of the case."

**{¶21}** We note at the outset that appellant failed to object to the manner in which the court gave the jury instructions, and therefore we must find plain error in order to reverse.   In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error.   *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978); Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id.* at paragraph three of the syllabus.

**{¶22}** In the instant case, the court informed the jury immediately after jury selection that they would be instructed on preliminary matters before opening statements.   The court explained that following these instructions the parties would make opening statements, each side would present evidence, and then the remaining portion of the instructions would be given.   While the court noted that each juror would receive a copy of the written instructions with a table of contents when the jury retired to deliberate, the record does not include a copy of such instructions.  Tr. 6-7.

{¶23} In *State v. Comen*, 50 Ohio St.3d 206, 209-210, 553 N.E.2d 640 (1990), the Ohio Supreme Court held that the trial court is required to repeat all preliminary instructions at the end of the trial:

{¶24} "If the preliminary or cautionary instructions include matters of law vital to the rights of a defendant, the trial court is not excused from including or repeating all such instructions after the arguments are completed. Repeating instructions means fully instructing the jury on the law applicable to the case and not providing them simply with a cursory reminder of what was earlier provided in either the preliminary or cautionary instructions. Regardless of the length of trial, the court cannot assume the jury recalls or remembers the prior instructions.

{¶25} "Accordingly, we hold that before the taking of evidence, a trial court may give preliminary instructions to the jury appropriate for the jury's guidance in hearing the case. A court may also give cautionary instructions throughout the trial. After arguments are completed, a trial court must fully and completely give the jury all instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact finder."

{¶26} However, the Supreme Court went on to find that the defendant in *Comen* was not prejudiced by the trial court's failure to repeat preliminary instructions at the end of the trial:

{¶27} "Turning our attention now to the case before us, and being mindful of our previous discussion, we find appellant presents no evidence that he was prejudiced by the trial court's refusal to repeat all instructions. Additionally, appellant presents no

evidence that the absence of instructions on credibility and weighing of the evidence at the completion of counsel's arguments was prejudicial.

**{¶28}** "Accordingly, while we find that the proper procedure is for a trial court to explicitly follow Crim.R. 30 when instructing a jury, we also find appellant's first proposition of law not well-taken." *Id.*

**{¶29}** In the instant case, appellant has not demonstrated plain error in the trial court's failure to repeat instructions concerning credibility, burden of proof and weighing the evidence. There was abundant evidence to support the convictions for the events occurring June 4, 2011, by way of Dewart's testimony, photographs of her injuries taken by the police officers who responded to the scene, and the testimony of the officers concerning the condition of the home and appellant's ongoing threats toward Terri, her mother, the officers, and Brutus the police dog. Appellant's threats to hire someone to hit Terri and her mother were recorded on video at the police station, and the DVD of his statements at the station was admitted into evidence and played for the jury. None of this evidence was contradicted at trial. Clearly the jury understood the previous instructions on credibility and burden of proof because they acquitted appellant of the May 27, 2011, incident, which was supported solely by Dewart's testimony. Appellant cannot demonstrate that had the court repeated all preliminary instructions at the end of the trial, the result of the proceeding would have been different.

**{¶30}** The first assignment of error is overruled.

II

{¶31} In his second assignment of error, appellant argues that counsel was ineffective for failing to object to the court's failure to repeat the preliminary instructions at the end of trial.

{¶32} A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). Therefore, in order to prevail on a claim of ineffective assistance of counsel, appellant must show counsel's performance fell below an objective standard of reasonable representation and but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). In other words, appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id*.

{¶33} Appellant cannot demonstrate that had counsel objected and the instructions been repeated, the result of the proceeding would have been different. There was abundant evidence to support the convictions for the events occurring June 4, 2011, by way of Dewart's testimony, photographs of her injuries taken by the police officers who responded to the scene, and the testimony of the officers concerning the condition of the home and appellant's ongoing threats toward Terri, her mother, the officers, and Brutus the police dog. Appellant's threats to hire someone to hit Terri and her mother were recorded on video at the police station, and the DVD of his statements at the station was admitted into evidence and played for the jury. Clearly the jury understood the previous instructions on credibility and burden of proof because they

acquitted appellant of the May 27, 2011 incident, which was supported solely by Dewart's testimony.

**{¶34}** The second assignment of error is overruled.

**{¶35}** The judgment of the Delaware County Common Pleas Court is affirmed.


By: Edwards, J.

Delaney, P.J. and

Wise, J. concur

_____

_____

_____

JUDGES

JAE/r0525

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| TIMOTHY MILLAY | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 11 CAA 10 0090 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed.  Costs assessed to appellant.

_____

_____

_____

JUDGES