[Cite as *State v. Hutchinson*, 2013-Ohio-5334.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 13CA3 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | |
| | : | DECISION AND |
| CHRISTOPHER HUTCHINSON, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant. | : | RELEASED 11/26/2013 |

**APPEARANCES:**

Chase R. Carter, Chillicothe, Ohio, for Appellant.

Anneka P. Collins, Highland County Prosecuting Attorney, Hillsboro, Ohio, for Appellee.

Hoover, J.

{¶ 1} This is an appeal from a Highland County Common Pleas Court judgment of conviction and sentence. Christopher Hutchinson, defendant below and appellant herein, was convicted by a jury of five counts of breaking and entering under R.C. 2911.13(A), each felonies of the fifth degree; two counts of receiving stolen property under R.C. 2913.51, each misdemeanors of the first degree; and one count of theft under R.C. 2913.02(A)(1), a misdemeanor of the first degree.

{¶ 2} Appellant assigns the following errors for review:

First Assignment of Error:

THERE SHOULD NOT HAVE BEEN AN INSTRUCTION TO THE LESSER INCLUDED OFFENSE OF THEFT AS THE DEFENDANT DID NOT REQUEST SUCH AN INSTRUCTION AND INSTEAD PRESENTED AN "ALL OR NOTHING" DEFENSE.

Second Assignment of Error:

THE ADMISSIONS OF PHOTOGRAPHS TAKEN BY AN UNMANNED CAMERA WERE NOT PROPERLY AUTHENTICATED AS PER OHIO RULE OF EVIDENCE 901 AND THAT THE STATE FAILED TO ADEQUATELY PROVE CHAIN OF CUSTODY FOR THESE ITEMS BEFORE THEIR ADMISSION INTO EVIDENCE.

{¶ 3}  For the reasons that follow, we affirm the judgment of the trial court.

{¶ 4}  The appellant was originally indicted on nine different counts as follows:  five counts of breaking and entering, one count of theft, and three counts of receiving stolen property. The trial court dismissed one of the counts of receiving stolen property without prejudice.  The remaining eight counts came on for a jury trial in January 2013.

{¶ 5}  During the trial, the appellant's girlfriend, Rose Duffey, testified.  Duffey testified that she and the appellant had broken into a barn located at Millerstown Road in Highland County and had stolen various items from that barn. On at least five different occasions in September 2012, appellant had entered the barn. The various items that were stolen were found at the residence of Duffey and appellant, 4400 Carr Road.  Duffey further testified that appellant had brought things home like a camera and a boat among other items.

{¶ 6}  The victims, Anita Foley, Ronald Gossett, and Sharon Gilletly also testified. Gilletly and her husband controlled[1] the barn that was broken into by the appellant.  Likewise, Gilletly and her husband owned the items contained in and around the barn.  Gilletly did not authorize anybody to enter the barn. In addition, Gilletly described the items that were stolen from their property.   Gilletly did not authorize anybody to take the items from their property. The state attempted to introduce a list of the replacement prices for the stolen items; however, the trial court excluded the list on the basis of appellant's hearsay objection.  Also, no actual values were given by Gilletly during her testimony.

{¶ 7}  Foley identified the appellant as a man who had turned around in her driveway prior to the break-in at her home.  Foley also established ownership of a Pentax .35 millimeter camera as her husband's camera. Foley confirmed that she did not give anyone permission to take the camera.

{¶ 8}  Gossett testified that he was the owner of a 14 foot aluminum boat and a two-wheel trailer for the boat. Gossett identified a photograph of the boat and trailer that was taken during the investigation of the crimes.  Gossett informed the jury that he did not give Christopher Hutchinson or anyone else permission to take his boat.

{¶ 9}  The investigating officer, Dan Croy, testified for the state.  Croy searched the property where appellant was living and found property belonging to the Gilletly, Gossett, and Foley families.   Croy authenticated various photographs depicting the stolen items.

{¶ 10}  Photographs taken by a trail camera were also presented by the state.  Duffey testified that the photographs were all true and accurate depictions of the appellant and that the

---

[1] The barn was located on property in the name of Inez McCane Bowman, the mother of Sharon Gilletly.  Ms. Gilletly testified that the property was in her mother's estate and that she was the executrix of the estate.

photographs depicted the property appeared as it appeared during the times of the thefts.  The dates were listed on the bottom of the photographs.  Doug Henson also testified regarding the photographs.  Henson testified that the camera was in working order.  Henson testified that he took the SB card out of the deer camera and viewed each picture on a television.  Henson further testified that each printed picture appeared the same as they appeared on the television.

{¶ 11}  After the state completed its presentation of the evidence, the state moved to admit the photographs and the valuation of the Gilletly's property.  The appellant's counsel objected to the admission of the valuation of the Gilletly's property on the basis of hearsay.  The trial court sustained the objection.  The trial court next deemed the photographs taken by the deer camera admissible.  Therefore, the valuation was not admissible; however, the photographs taken by the deer camera were admissible.

{¶ 12}  The appellant's attorney then made a motion for acquittal pursuant to Crim.R. 29.  The basis for this motion was that values had not been established as to any of the property taken from the barn. Appellant claimed that the value was not established for count six, the theft from the Gilletly property.  On the other hand, the state argued that the jury could find a misdemeanor theft rather than a felony theft.  In addition, the state contended that common sense could be applied by the jury regarding the values of the stolen property and that dismissal was not warranted.  The trial court denied the appellant's Rule 29 motion for acquittal.  The trial court sent count six theft to the jury without any additional finding of value.  It was reduced to a first degree misdemeanor as charged.

{¶ 13}  Prior to charging the jury, the trial court informed the attorneys for the state and the appellant that it would be removing from the verdict form and the instruction on count six the

additional finding as to value. The trial court asked the attorneys, "Now, are there any objections to the jury instructions once I make those revisions? Anything from the State? * * * Mr. Curren?* * * Any request of additional instructions?"

{¶ 14} We note that the appellant's attorney answered the trial court, "No, Your Honor." At no time were any objections made regarding the jury instructions. Even after taking a brief recess, the trial court came back on the record and stated, "The Court has made revisions to the jury instructions and Form 6 has been changed to delete the additional finding and just reflect a guilty or not guilty verdict. All right, is there anything further from counsel before we bring the jury back in?" Both the state and appellant's attorney answered, "No, Your Honor."

{¶ 15} In his first assignment of error, appellant asserts that a defendant in a criminal trial, as a matter of trial strategy, has a right to present an "all or nothing" defense and refuse any lesser included offense instructions. The appellant claims that a conflict or ambiguity exists in Ohio regarding whether a trial court has a mandatory duty to instruct on lesser included offenses or if a defendant has the right to refuse such instructions. The appellant relies upon *State v. Clayton,* 62 Ohio St.2d 45, 47, 402 N.E.2d 1189 (1980), for his argument that a defendant maintains the right to refuse such instructions.

{¶ 16} This Court rejected the argument that defendants have the right to prohibit the court to instruct the jury on lesser included offenses. This court stated in *State v. Seymour*, 4th Dist. Pickaway No. 90CA38, 1993 WL 472875, *17 (Nov. 9, 1993):

> No statute or rule prohibits a trial court from *sua sponte* issuing a lesser included instruction. Indeed, it has been held that a trial court must fully and completely

give the jury all relevant and necessary instructions. *State v. Comen* (1990), 50

Ohio St.3d 206 [553 N.E.2d 640], paragraph two of the syllabus; R.C. 2945.11.

\* \* \*

[W]e do not believe the *Clayton* footnote prevents the trial court from charging

the jury on the lesser included offense of voluntary manslaughter. Although the

*Clayton* footnote mentioned that defendants have a right to *waive* jury instructions

on lesser included offenses, the footnote did not say defendants have a right to

*prevent* such instructions. We note *Clayton* did not involve a situation where the

defendant wished to *prevent* a jury instruction on a lesser included offense. The

footnote appeared in a discussion of whether the court committed plain error

when it failed to instruct the jury on a lesser included offense absent a request

from the defendant for such an instruction.

{¶ 17} The case *State v. Kuhn,* 4th Dist. Meigs No. 94CA24, 1996 WL 140197 (Mar. 25, 1996), is similar to the case before us now. The appellant in *Kuhn* had been charged with felonious assault.

[A]ppellant's trial strategy was to seek "a total acquittal" on the criminal act for

which he was charged. To that end, appellant requested that the jury be

instructed only on the greater offense of felonious assault and the issue self

defense. He also expressly noted his objection to the use of an aggravated assault

instruction.

*Kuhn* at \*3. Appellant argued that he had the authority to waive a jury instruction on a lesser included offense and require that it not be given. *Id.* This Court held that although the appellant

had the authority to waive the reading of an aggravated assault instruction to the jury, the appellant did not have the authority to prohibit or prevent such a charge from being given. *Id.* at *4. Accordingly, we overruled the appellant's assignment of error.

{¶ 18} In contrast to the case *sub judice*, in the *Kuhn* case, the appellant's attorney specifically requested that the jury only be instructed on the greater offense; and he expressly objected to the lesser included offense instruction. In this case, appellant Hutchinson did not make any specific objections to the jury instructions as given by the trial court. Although we recognize that the appellant's attorney made the motion for acquittal based upon lack of evidence on the value of the stolen items, this does not amount to a specific objection to the jury instructions. Even with specific objections to the lesser included jury instructions, this Court refused to find error in *Kuhn*. Likewise, we will not find error in this case based on the trial court giving the lesser included offense instruction to the jury.

{¶ 19} Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.

{¶ 20} In appellant's second assignment of error, he asserts that the trial court erred in admitting photographic evidence generated by an unattended surveillance camera without establishing chain of custody or authentication. The appellant contends that the only person to testify to the authentication of the photographs was Doug Henson. The appellant claims that Henson was not present when the pictures were taken by the camera. He further claims that the photographs may have been substituted, altered or tampered with since the pictures were selectively printed. At trial, appellant argued that a proper foundation had not been laid to show

that the camera was in proper working order; and appellant claimed that a chain of custody

problem existed.

{¶ 21}  We review the admissibility of photographs under the abuse of discretion

standard of review. *State v. Valentine,* 4th Dist. Washington No. 94CA06, 1995 WL 249879, *3

(Apr. 26, 1995).

> Admission or exclusion of photographs is left to the sound discretion of the trial
>
> court. *Id.; State v. Slagle* (1992), 65 Ohio St.3d 597, 601. An abuse of discretion
>
> involves more than an error of judgment; it connotes an attitude on the part of the
>
> court that is unreasonable, unconscionable, or arbitrary. *State v. Lessin* (1993), 67
>
> Ohio St.3d 487, 494; *Franklin Cty. Sheriff's Dept. v. State Emp. Relations Bd.*
>
> (1992), 63 Ohio St.3d 498, 506; *Wilmington Steel Products, Inc. v. Cleve. Elec.*
>
> *Illum. Co.* (1991), 60 Ohio St.3d 120, 122. When applying the abuse of discretion
>
> standard, a reviewing court is not free to merely substitute its judgment for that of
>
> the trial court. *In re Jane Doe 1* (1991), 57 Ohio St.3d 135, 138, citing *Berk v.*
>
> *Matthews* (1990), 53 Ohio St.3d 161, 169.

*Id.*

{¶ 22}  "A foundation for admissibility of photographs is laid by evidence

establishing that the photographs are an accurate and faithful representation of the scene

depicted." *State v. King,* 4th Dist. Ross No. 1553, 1990 WL 9943, *3 (Feb. 6, 1990)

citing *State v. Woodards,* 6 Ohio St.2d 14, 215 N.E.2d 568 (1966).  In this instance, the

state presented photographs (exhibits 6 through 19, 23, and 24) that were taken by the

unmanned deer camera.

{¶ 23} After hearing arguments from the state and the appellant regarding the photographs, the trial court stated the following:

THE COURT: Okay. Well, that objection is overruled. The test of admissibility is whether the photograph was represented, a true and accurate photograph of the scene as it was depicted that day. Ms. Duffey did testify and do that. Had she not been available to do that, perhaps it would have been a different issue.

As far as the stuff about who developed them and so forth, that really doesn't matter. The camera was apparently in working order, according to Mr. Henson. There is no indication it was not. So, now that objection as to the photographs taken by the trail camera will be overruled.

{¶ 24} With respect to authentication of the photographs, Duffey had testified regarding exhibits 6 through 19, 23 and 24. She identified the photograph of the red truck driven by appellant as a true and accurate depiction of the truck. She also identified the photographs of herself and appellant as true and accurate depictions of the way they appeared on the Millerstown Road property. Duffey testified that a photograph showing appellant and herself taking a trailer off the Millerstown Road property was also a true and accurate depiction of the way they appeared. Duffey even identified a photograph with appellant's tattoo on the back of his leg at the property as true and accurate depiction of the way appellant appeared.

{¶ 25} As to any chain of custody concerns, Gilletly testified that she and her husband had decided to put up a trail camera because items were coming up missing.

Doug Henson, a "hunting buddy" of Mr. Gilletly, actually put up the camera. Ms. Gilletly explained the contents of the photographs taken by the trail camera to the jury. Henson testified regarding his actions with respect to the placement of the camera. Henson testified to the type camera and how it works. He explained that the date and time was checked with his cell phone when he first set up the camera in the hollowed out tree on the Millerstown Road property. Henson further testified about what he did with the camera after it was taken down from the tree. Henson opened the camera, removed the SB card, took it inside, and plugged it into his television to view the photographs. Henson verified that the photographs that the state had introduced were true and accurate depictions of the images he viewed on his television from the SB card.

{¶ 26}  In light of the testimony of Duffey, Gilletly, and Henson, we cannot find that the trial court abused its discretion when admitting the photographs. Therefore, we overrule appellant's second assignment of error.

JUDGMENT AFFIRMED.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court, to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court.  If a stay is continued by this entry, it will terminate at the earliest of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Abele, J.:  Concur in Judgment and Opinion.

For the Court

By:_____
Marie Hoover, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.